**MUSTANG TRACTOR & EQUIPMENT COMPANY, Appellant,**

v.

**James E. CORNETT, II., Appellee.**

**No. 01–87–00622–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 25, 1988.

Douglas M. McIntyre, Houston, for appellant.

Clay A. Cornett, Shanks & Butler, Houston, for appellee.

Before JACK SMITH, HOYT and COHEN, JJ.

## OPINION

COHEN, Justice.

Mustang Tractor & Equipment Company ("Mustang") appeals from the granting of a summary judgment to James E. Cornett, II ("Cornett") and the dismissing of Mustang's action against Cornett with prejudice.

Mustang brought suit against Ramrod Construction & Supply, Inc. ("Ramrod") and Cornett, based on a promissory note and guaranty agreement for goods sold to Ramrod. Mustang and Cornett filed motions for summary judgment. In his motion, Cornett admitted Ramrod's liability on the note and guaranty agreement, but contended that he was not personally liable, as a matter of law, because the agreements were executed in his representative capacity as president of Ramrod. The trial court granted summary judgment in favor of Mustang against Ramrod for the sum owing on the note, $8,530.56 plus interest. However, the trial court also granted Cornett's summary judgment, finding Mustang's claim for individual liability to be without merit, and awarding Cornett the sum of $2,000 in attorney's fees.

Mustang contends that the trial court erred because there was a fact issue regarding the enforceability and interpretation of the guaranty agreement supporting the note.

When reviewing a summary judgment on appeal, the question is not whether the summary judgment proof raises fact issues with regard to the essential elements of a plaintiff's cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). The burden of showing that there is

no genuine issue of material fact is on the movant, and all evidence favorable to the non-movant will be taken as true and all doubts resolved in his favor. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

Cornett's summary judgment evidence consisted of the note and guaranty agreements, which were signed in the following manner:

Promissory note:
RAMROD CONSTRUCTION & SUPPLY, INC.
BY: /s/ Craig W. Brown
    CRAIG W. BROWN, ASS'T. VICE PRESIDENT
Guaranty agreement:
RAMROD CONSTRUCTION & SUPPLY
BY: JAMES E. CORNETT, II—PRESIDENT
    /s/ James E. Cornett, II
    Guarantor

An affidavit was also attached to the motion, containing Cornett's sworn statement that he "executed the Guaranty based upon [his] understanding with MUSTANG, that [he] was not to be held individually liable on the monies owed on the Note because [he] was acting solely in [his] representative capacity as President of RAMROD CONSTRUCTION & SUPPLY, INC."

We note at the outset that the corporate designation is missing from the signature endorsements on the guaranty agreement. Tex.Bus.Corp.Act.Ann. art. 2.05 (Vernon 1980) provides that a corporate name "shall contain the word 'corporation,' 'company,' or 'incorporated,' or shall contain an abbreviation of one of such words...." Although the promissory note provides that Ramrod Construction & Supply, *Inc.* is to be liable for the debt, the guaranty agreement refers only to Ramrod Construction & Supply.

Mustang's summary judgment parol evidence asserted that the signature line on the guaranty was ambiguous because the corporate name and capacity were added unilaterally by Cornett without its consent. Mustang also asserts that Cornett was obviously meant to be personally liable because, otherwise, Ramrod would be guar-

anteeing its own debts, and the guaranty would thus be worthless.

The guaranty in the instant case is susceptible to more than one reasonable interpretation because the proper designation for a corporation is missing. Although Tex.Bus. & Com. Code Ann. sec. 3.403 (Tex. UCC) (Vernon 1968) provides that an organization preceded by the name and office of an authorized individual is a signature in a representative capacity, the case law interpreting this section involves organizational names that are corporate. *See e.g. Summit Bank v. The Creative Cook, Inc.*, 730 S.W.2d 343 (Tex.App.—San Antonio 1987, no writ) ("The Creative Cook, Inc., William E. Harris, President"); *DeMuth v. Head*, 378 S.W.2d 389 (Tex.Civ.App.—Dallas 1964, writ ref'd n.r.e.) ("Rags to Riches, Inc. by Flossie Head, President").

Without the proper designation, the signature is susceptible to the interpretation that the business is a sole proprietorship, partnership, association, or some other unincorporated entity. When an individual is doing business under an assumed name, a judgment rendered against the unincorporated association will be binding on the individual members. *See e.g.* Tex.Rev.Civ. Stat.Ann. art. 6135 (Vernon 1970).

Because there is an ambiguity on the face of the instrument, Cornett has not shown, as a matter of law, that Mustang cannot recover against him individually.

Point of error three is sustained.

Mustang next contends that it is entitled to summary judgment against Cornett, individually, under the "corporate sham" theory.

Mustang's summary judgment proof established that Cornett was president of both Ramrod and Cornett Oil; that money was transferred between both organizations, repaying Cornett Oil's large loans while ignoring the smaller debt to Mustang; and that the two companies shared offices and insurance policies.

■ In order to prove "corporate sham," as a matter of law, Mustang must show conclusively that the corporation was orga-

nized and operated as a mere tool or business conduit of another corporation, used as a means of evading an existing legal obligation, employed to achieve or perpetrate a monopoly, used to circumvent a statute, or used to justify a wrong. *Angus v. Air Coils, Inc.,* 567 S.W.2d 931 (Tex.Civ. App.—Dallas 1978, no writ).

■ We have reviewed the record and find that Mustang failed to establish "corporate sham" as a matter of law. Moreover, we have found no case where the "corporate sham" theory has been established as a matter of law, so as to support a summary judgment.

Point of error two is overruled.

Mustang finally contends that the trial court erred in granting Cornett attorney's fees because Mustang's claim for individual liability is meritorious and because there is no statutory basis for the award.

■ We agree that Mustang's third point of error is meritorious. Moreover, an award of attorney's fees to Cornett, the debtor, was not authorized by statute or provided for in the contract. *See generally* Tex.Civ.Prac. & Rem. Code Ann. secs. 38.-001—38.006 (Vernon 1986). As part of his summary judgment evidence, Cornett was required to prove his entitlement to attorney's fees as a matter of law. Because there was no legal basis for the award, Mustang did not waive the error by not objecting to the award of attorney's fees in the trial court.

Point of error four is sustained.

We need not review point of error one, in light of reversal on other grounds.

The judgment in Cornett's favor on personal liability and attorney's fees is reversed, and that cause is severed and remanded to the trial court. In all other respects, the judgment is affirmed.