Jim YATES, Petitioner,

v.

Sam FISHER and Bill McNatt, Respondents.

No. 97–1075.

Supreme Court of Texas.

Sept. 24, 1998.

Rehearing Overruled Jan. 7, 1999.

Darby Vincent Doan, George Louis McWilliams, Texarkana, for Petitioner.

Jack N. Price, Texarkana, for Respondents

PER CURIAM.

Sam Fisher and Bill McNatt sued Jim Yates and others for fraudulently inducing them to sell their FirstBank stock to Yates before the bank was acquired by First United. Yates moved for summary judgment, relying on Fisher's and McNatt's answers to two interrogatories admitting that they did not know of any facts indicating Yates had advance knowledge of the potential sale to FirstBank. The trial court granted Yates's motion. The court of appeals, however, concluded that Fisher's answer to a different interrogatory created a fact issue. 953 S.W.2d 370, 378, 383–84. In the latter interrogatory, Fisher averred Yates told him the board of directors was about to terminate the bank's relationship with him and pressured him to sell his stock in return for Yates's favorable influence on the board. None of the parties referred to this interrogatory in their respective summary judgment pleadings, but Yates attached the complete set of interrogatories to his motion for summary judgment. The court of appeals reversed and remanded part of the judgment for trial.

 Rule 168(2) of the Texas Rules of Civil Procedure states that interrogatory answers "may be used only *against* the party answering the interrogatories." TEX.R. CIV. P. 168(2) (emphasis added); *see also Hanssen v. Our Redeemer Lutheran Church*, 938 S.W.2d 85, 95 (Tex.App.—Dallas 1997, writ denied) (opinion on rehearing); *Nebgen v. Minnesota Mining & Mfg. Co.*, 898 S.W.2d 363, 366 (Tex.App.—San Antonio 1995, writ denied). The court of appeals acted contrary to Rule 168(2) and erroneously used Fisher's interrogatory answers in Fisher's favor by relying on them to defeat Yates's motion for summary judgment.

Even without considering the interrogatory, however, Yates is not entitled to summary judgment. Yates did not present summary judgment evidence, as was his burden, to negate Fisher and McNatt's claims that Yates fraudulently induced them to sell their shares. *See Cove Invs., Inc. v. Manges*, 602 S.W.2d 512, 514 (Tex.1980); *but cf.* TEX.R. CIV. P. 166a(i) (effective September 1, 1997) (providing for summary judgment when there is no evidence of an essential element of a claim on which the adverse party has the burden of proof). Accordingly, we deny Yates's petition for writ of error.