**Deborah MORGAN, Appellant,**

v.

**Mack ANTHONY, Appellee.**

No. 09–99–092 CV.

Court of Appeals of Texas, Beaumont.

Submitted June 21, 1999.

Decided Aug. 12, 1999.

Rehearing Overruled Sept. 2, 1999.

Publication Ordered Aug. 29, 2000.

March H. Coffield, Seale, Stover, Coffield & Bisbey, Jasper, for appellant.

Darrell Minton, Harris, Lively & Duesler, L.L.P., Beaumont, for appellee.

Before WALKER, C.J., BURGESS and DAVID FARRIS,[1] JJ.

## OPINION

DAVID FARRIS, Justice (Assigned).

Morgan complains of a "no evidence summary judgment," denying her claim for intentional infliction of emotional distress. *See* TEX.R.CIV.P. 166a(i). Because there was no summary judgment proof of one of the elements of Morgan's claim we overrule her complaint and affirm the judgment of the trial court.

■ To recover for intentional infliction of emotional distress Morgan must prove that 1) Anthony acted intentionally or recklessly, 2) his conduct was extreme and outrageous, 3) his actions caused Morgan emotional distress, and 4) her resulting emotional distress was severe. *See Standard Fruit and Vegetable Co., Inc. v. Johnson,* 985 S.W.2d 62, 65 (Tex.1998); *Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex.1993). In his motion for summary judgment Anthony contended that there was no evidence to support the first, second, and fourth elements. Because there was no evidence establishing the fourth we overrule Morgan's complaint.

■ The standard of review in a no evidence summary judgment case is that used to review a directed verdict. *See Moore v. K Mart Corp.,* 981 S.W.2d 266 (Tex.App.—San Antonio 1998, pet. denied). A no evidence summary judgment is not sustainable if the respondent produces more than a scintilla of evidence to raise a genuine issue of material fact. *Id.* To avoid a no evidence summary judgment the respondent is obliged to produce evidence that is not so weak as to do no more than create a mere surmise or suspicion of a fact. *Id.*

■ The only opposing evidence offered by Morgan was her answers to interrogatories and part of her deposition testimony. Morgan's answers to interrogatories were not available to her as summary judgment proof. *See Yates v. Fisher,* 988 S.W.2d 730, 731 (Tex.1998). The testimony extracted from Morgan's depositions includes only cross-examination by opposing counsel. Morgan testified she told someone she was "pretty upset." Morgan testified that Anthony made her feel uncomfortable. Morgan also testified that she told a psychologist about having nightmares and "just bad feelings," but she did not describe her nightmares or feelings or attribute them to Anthony's conduct. That testimony does not show that Morgan suffered emotional distress that was too severe to be endured by a reasonable person. *See Behringer v. Behringer,* 884 S.W.2d 839, 844 (Tex.App.—Fort Worth 1994, writ denied). In sum the testimony before us does nothing more than create a surmise or suspicion of Morgan's emotional reaction to Anthony's conduct and presents no evidence of the severity of any distress she may have experienced. *Cf. Saenz v. Fidelity and Guar. Ins. Underwriters,* 925 S.W.2d 607, 614 (Tex.1996); *Parkway Co. v. Woodruff,* 901 S.W.2d 434, 444 (Tex.1995).

We do not address Morgan's second issue because she did not allege either invasion of privacy or battery as a cause of action.

The judgement is AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. The majority holds there is no evidence that Ms. Morgan's emotional distress was severe. Ms.

---

1. The Honorable David Farris, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1998).

Morgan, in her original deposition, testified she had seen a psychologist, a physician's assistant and another physician. When asked what problems she related to the psychologist, Ms. Morgan stated:

> Well, I was having a lot of problems. I was having nightmares and just bad feelings altogether. I was afraid to leave home. It caused me a lot of problems with my children and things of that nature, really hurt and depressed.

Ms. Morgan went on to relate she had never been treated for depression before. Later, in a video deposition, Ms. Morgan testified she had seen a psychiatrist since the last deposition.

"Severe emotional distress" means distress so severe that no reasonable person could be expected to endure it. *Stokes v. Puckett*, 972 S.W.2d 921, 924 (Tex.App.— Beaumont 1998, pet. denied). Since, in the summary judgment context, this court is required to take Ms. Morgan's testimony as true and indulge all reasonable inferences from it. The fact that Mr. Anthony's actions made Ms. Morgan afraid to leave her home, is a type of mental anguish that no reasonable person should be expected to endure. Whether a jury would compensate Ms. Morgan for her fear of leaving her own home, is a different question, but being made a prisoner of one's home is, in my view, certainly more than a scintilla of evidence that Ms. Morgan's mental anguish was severe. Consequently, I would reverse the summary judgment and remand for a trial.