**Steve A. GARCIA, Appellant,**

v.

**NATIONAL ELIGIBILITY EXPRESS, INC., Appellee.**

**No. 01–98–01328–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 14, 1999.

Gerald K. Payte, Gloria Jean Kologinc-zak, Houston, for Appellant.

Ronald J. Christopher, Houston, for Appellee.

Panel consists of Justices COHEN, O'CONNOR, and WILSON.

## OPINION ON REHEARING

MURRY B. COHEN, Justice.

We grant the rehearing motion of appellee, National Eligibility Express, Inc. (NEE), withdraw our opinion dated June 17, 1999, and substitute this opinion in its place. We modify the judgment to delete an award of attorney's fees and post-judgment interest to NEE and affirm the judgment as so modified.

### Background

Garcia appeals a summary judgment that he take nothing on his claims for breach of contract and conversion and awarding NEE its attorney's fees.

Garcia alleged he worked for NEE for about seven months under an employment contract. He sued NEE for breach of contract and conversion, claiming unpaid

salary and commissions and unreimbursed expenses. About two and one-half years later, the trial judge granted a no-evidence summary judgment against both of Garcia's claims and awarded NEE $3,500 in attorney's fees.[1]

## Conversion

Garcia does not complain of the granting of summary judgment on his conversion claim. Therefore, that part of the trial court's judgment is affirmed. *Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex.1993).

## Attorney's Fees

■ In point of error three, Garcia contends there is no statutory basis for awarding NEE attorney's fees. We agree.

■ NEE moved for 166a(c) summary judgment on its attorney's fees: it was thus NEE's burden to prove entitlement to those fees as a matter of law. *Mustang Tractor & Equip. Co. v. Cornett,* 747 S.W.2d 33, 36 (Tex.App.—Houston [1st Dist.] 1988, no writ). No statute authorized NEE's recovery of attorney's fees. *See* Tex. Civ. Prac. & Remedy. Code Ann. § 38.001(8) (Vernon 1997) ("A person may recover reasonable attorney's fees ... if the *claim* is for ... an oral or written contract") (emphasis added); *American Airlines, Inc. v. Swest, Inc.,* 707 S.W.2d 545, 547 (Tex.1986) (holding defendant could not recover attorney's fees under section 38.001's predecessor when defendant, who only defended against plaintiff's contract claim, presented no contract claim of its own). Neither did NEE produce evidence of a contractual right to attorney's fees. Garcia did not waive its challenge to the award of these fees by not objecting below because it was NEE's burden conclusively to prove a legal basis for them, which there was not. *Mustang Tractor,* 747 S.W.2d at 36 ("Because there was no legal basis for the award, [the plaintiff-nonmovant] did not waive the error by not objecting to the award of attorney's fees in the trial court.").

We sustain point of error three and modify the judgment to delete the award of attorney's fees and related post-judgment interest to NEE.

## Breach of Contract

■ In points of error one and two, Garcia contends the trial judge erred in granting summary judgment against his contract breach claim. We disagree.

NEE moved for no-evidence summary judgment on the ground that Garcia could show no evidence of damages; the burden then shifted to Garcia to produce more than a scintilla of evidence of his damages. *See* Tex.R. Civ. P. 166a(i); *Macias v. Fiesta Mart, Inc.,* 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.). We follow the same legal sufficiency standard as for a directed verdict. *Graves v. Komet,* 982 S.W.2d 551, 553 (Tex.App.—San Antonio 1998, no pet.).

In response, Garcia relied solely on his interrogatory answers:

### Interrogatory No. 9

List separately and in detail each and every claim you assert against [NEE] by stating the dollar amount and the factual basis for each claim.

### Answer No. 9

| Claim | Dollar Amount | Factual Basis |
| --- | --- | --- |
| Commissions | $3,500.00 (approx.) | Accrued or incurred but unpaid. |
| Unpaid Salary | $1,000.00 (approx.) | Accrued or incurred but unpaid. |
| Travel and Employment Expenses | $1,000.00 (approx.) | Accrued or incurred but unpaid. |

**1.** Garcia moved for its attorney's fees under rule 166a(c). Tex R. Civ. P. 166a(c).

In his answers, he also stated he had "various" commissions from April 1 to August 18, 1995, "various" travel expenses from July 31 to August 17, 1995, and unpaid salary from July 31 to August 17, 1995.

In its brief to this Court and in the district court, NEE complained only that this evidence was conclusory. It never argued that Garcia could not rely on his own interrogatory answers. In fact, NEE relied on Garcia's answers. It attached his answers as its own summary judgment evidence, swore to their authenticity, and relied on them for summary judgment. Nonetheless, NEE now argues for the first time on rehearing that Garcia's interrogatory answers cannot be used in his favor, citing *Yates v. Fisher*, 988 S.W.2d 730 (Tex.1998) (per curiam, denying writ). We agree.

In *Yates*, the court of appeals held that a nonmovant-plaintiff's interrogatory answer that was included in the movant-defendant's summary judgment proof raised a fact issue. *Fisher v. Yates*, 953 S.W.2d 370, 378, 383–84 (Tex.App.—Texarkana 1997), writ denied *per curiam*, 988 S.W.2d 730 (Tex.1998). The defendant did not argue that the interrogatory answer could not be used in the plaintiff's favor until rehearing in the court of appeals. *Id.* The court of appeals wrote:

> In ordinary circumstances, answers to interrogatories may only be used against the answering party. Tex.R. Civ. P. 168(2). But we believe that rule does not apply when the movant for summary judgment makes those answers a part of his own summary judgment evidence. In that situation, the movant, not the

answering party, is the one "using" the answers, and he adopts those answers as a part of his own case. If the answers raise a fact issue and thereby defeat his motion, he is bound by the fact issue that his own motion raises.

*Id.* at 383–84.

In denying petition for writ of error for another reason, the Supreme Court disagreed with the court of appeals, stating:

> The court of appeals acted contrary to Rule 168(2) and erroneously used [the plaintiff's] interrogatory answers in [the plaintiff's] favor by relying on them to defeat Yates's motion for summary judgment.

988 S.W.2d at 731. This means, to us, that interrogatory answers are *incompetent* summary judgment evidence because the Supreme Court declared that the answers cannot be used in favor of the answering party, even if the *other* party swears to their authenticity, puts them into evidence, and does not timely challenge them on appeal. It means that to consider the answers, contrary to rule 197.3 (former rule 168(2)), is a form of fundamental error because they cannot be considered even if no one objects in the trial court or challenges their use on appeal until rehearing. *Compare* Tex.R. Evid. 103(d) ("In a criminal case, nothing in these rules precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court.") *with* Tex.R. Evid. 103(a)(1) (requiring objection). *Yates* resolves confusion over whether interrogatory answers used in violation of rule 197.3 need to be objected to,[2]

2. *See also Hanssen v. Our Redeemer Lutheran Church*, 938 S.W.2d 85, 94–95 (Tex.App.—Dallas 1996, writ denied) (no objection apparent from record); Tex.R. Civ. P. 197.3 (not mentioning objections). *But see Llopa, Inc. v. Nagel*, 956 S.W.2d 82, 86 (Tex.App.—San Antonio 1997, pet. denied) (trial judge sustained objections); *Drury v. Baptist Mem'l Hosp. Sys.*, 933 S.W.2d 668, 670 n. 5 (Tex.App.—San Antonio 1996, writ denied) (same); former Tex.R. Civ. P. 168(2) ("Interrogatories may relate to any matter ... but the answers, *subject to any objections as to admissibility,*

891

are waived even if the movant swears to and relies on the answers,[3] and involve an issue of competency, rather than of admissibility.[4]

*Yates* allows NEE to complain of Garcia's reliance on his interrogatory answers now, on rehearing, for the first time, even though NEE put them into evidence. Such evidence, under *Yates,* is not merely inadmissible; it is incompetent. Therefore, we hold that Garcia presented no evidence of damages and that NEE was entitled to summary judgment.

We overrule points of error one and two.

We modify the judgment to delete the award of attorney's fees and related post-judgment interest to NEE. We affirm the judgment as so modified.

may be used only against the party answering the interrogatories.") (emphasis added).

3. *See also Hanssen,* 938 S.W.2d at 94–95 (holding interrogatories cannot be used in responding party's favor, although included in summary judgment motion and issue not raised on appeal until rehearing); *Nebgen v. Minnesota Min. & Mfg. Co.,* 898 S.W.2d 363, 366 (Tex.App.—San Antonio 1995, writ denied) (same, when included in summary judgment motion); *Dorsett Bros. Concrete Supply, Inc. v. Safeco Title Ins. Co.,* 880 S.W.2d 417, 420 (Tex.App.—Houston [14th Dist.] 1993, writ denied) (same); *Duncan v. Horning,* 587 S.W.2d 471, 475 (Tex.Civ.App.—Dallas 1979, no writ) (same).

4. *See also Rodriguez v. Motor Express, Inc.,* 909 S.W.2d 521, 525 (Tex.App.—Corpus Christi 1995) ("Discovery admissions constitute *competent* summary judgment evidence if they satisfy two cirteria. First, the admissions must be referred to or incorporated in the summary judgment motion. Second, the admissions can be only used against the party who filed them.") (emphasis added, citations omitted), *rev'd on other grounds,* 925 S.W.2d 638, 640 (Tex.1996); *Elliott v. State,* 818 S.W.2d 71, 73 (Tex.App.—San Antonio 1991, writ denied) ("competent"). *But see Hanssen,* 938 S.W.2d at 95 ("[H]er answers were not *admissible* ... and were ... nothing more than self-serving *hearsay* statements.") (emphasis added).