Opinion issued March 29, 2007

 


 

 










In The

Court of Appeals

For The

First District of Texas






NO. 01-04-00865-CV

____________


GEORGE NEIL LEWIS, Appellant


V.


 JACK D. NOLAN, Appellee






On Appeal from 270th District Court

Harris County, Texas

Trial Court Cause No. 2001-29811






SUPPLEMENTAL MEMORANDUM OPINION ON APPELLANT'S
SECOND MOTION FOR REHEARING


 Appellant, George Neil Lewis, has filed a second motion for rehearing and for
en banc reconsideration of our memorandum opinion, issued October 5, 2006, and of
our supplemental memorandum opinion issued December 14, 2006, both of which
opinions affirmed a take-nothing summary judgment rendered against him in his
malpractice suit against appellee, Jack D. Nolan, his former attorney. Nolan has filed
a response to Lewis's second rehearing motion and has moved for sanctions. We
grant the second motion for rehearing addressed to the panel. However, our
disposition of the appeal remains the same, and our October 5, 2006 memorandum
opinion and judgment, as well as our December 14, 2006 supplemental memorandum
opinion, remain intact. We issue this supplemental memorandum opinion to address
matters raised by Lewis in his second motion for rehearing that relate to a
supplemental record filed after our December 2006 opinion issued. (1)

Supplemental Record


 After our December 2006 supplemental memorandum opinion issued, Lewis
supplemented the record with Nolan's no-evidence summary-judgment motion
asserted against Lewis's legal-malpractice claim.

 That motion had not appeared in the original appellate record filed in this
Court. By the time of submission in January of 2006, no supplemental clerk's record
containing Nolan's no-evidence summary-judgment motion had been filed, nor had
the Court been advised that Lewis had requested or made arrangements to pay for
such a record. We thus could not know what more the motion may have asserted,
other than both parties' representations in their briefs that the omitted motion attacked
the element of causation. 

 Our October 2006 opinion stated that Nolan's no-evidence summary-judgment
motion was not in the appellate record. Nonetheless, in his motion for rehearing of
our initial opinion, Lewis did not advise the Court that, nearly two years prior, he had
requested and paid for a supplemental clerk's record containing this item.

 Our December 2006 supplemental opinion on rehearing again noted the
absence of Nolan's no-evidence summary-judgment motion. That opinion also
recognized the rule that, once a party has designated an item for inclusion in the
record, or if the rules require that that item be included in the record, and has arranged
for payment, it is our responsibility to order the record supplemented with that item. 
See Tex. R. App. P. 34.5(a), (b), 35.3(a), (c). However, we advised the parties that the
appellate record did not contain a request that the omitted motion be included in the
record, and we noted that a summary-judgment motion is not an item that the rules
require be included in the record. See Tex. R. App. P. 34.5(a), (b). 

 For the first time in his second motion for rehearing, Lewis advised this Court
that he had requested and paid for a supplemental clerk's record containing Nolan's
no-evidence summary-judgment motion in November 2004; that the district clerk's
office had mistakenly sent that supplemental record (and Lewis's request for
preparation for that record) to the Fourteenth Court of Appeals; and that the Harris
County Justice Information Management System had mistakenly indicated that the
supplemental clerk's record had been received in the First Court of Appeals when it
had not.

 Given that Lewis's request for a supplemental record and the record itself were
not sent to it, this Court could not have known that a supplemental record had been
requested soon after Lewis's opening brief had been filed, had been made by the
district clerk's office, or had been filed in any court. Judicial economy is not served
by a party's not correcting or advising the Court of such an omission at the earliest
possibility--which, here, would have been after the Court's original opinion noted
the omission. Nonetheless, in the interest of justice, and because the requested
supplemental record was inadvertently sent to the wrong court through no fault of
Lewis's, we consider the supplemental record--and Nolan's no-evidence summary-judgment motion against Lewis's legal-malpractice claim--at this time. It is for this
reason that the Court issues this second supplemental memorandum opinion.

Legal-Malpractice Claim


 In his second motion for rehearing, Lewis raises many of the arguments
concerning his legal-malpractice claim that he did in his prior rehearing motion. 
However, he adds that, now that the record contains Nolan's no-evidence motion
against Lewis's legal-malpractice claim, our stated bases for affirming the summary
judgment on that claim cannot stand. Specifically, Lewis argues that our prior
opinions "incorrectly assumed" that the grounds in that summary-judgment motion
"were broad" and "all-inclusive," whereas, in reality, they were narrow. Lewis
argues:

 The sole ground argued by . . . Nolan in his traditional and no-evidence
motion was that Lewis could not establish causation because Lewis had
confessed to owing the money on the note he was sued for. . . . That was
the absolute extent of Nolan's argument regarding causation. Nothing
more.


Lewis concludes that the prior opinions "dramatically widen[ed] the 'causation'
ground asserted by Nolan beyond the confession [of liability on the April 1987 note]
argument asserted by Nolan."

 Nolan's no-evidence summary-judgment motion read, in pertinent part, as
follows:

 Nolan contends that Nolan performed no negligent act or
omission that breached a duty that arose from the scope of any alleged
attorney-client relationship. Nolan further contends that even if a
negligent act or omission occurred, Lewis suffered no harm.


 . . .


 In support of its summary judgment, Federated Financial Services, Inc.
["FFS"] delineated . . . excerpts from the oral deposition of Lewis,
which proves that Lewis owed [FFS] the full amount alleged by said
party and that Lewis had NO defenses to the claim of [FFS]. (2)


 . . .


 The . . . excerpts from the oral deposition on [sic] Lewis not only
proves up every element in the cause of action asserted against Lewis by
[FFS], [but] Lewis has also testified under oath that he has no real
defenses to the underlying oath . . . . Since Lewis had no real defenses
to the Note, Lewis was liable to [FFS] as a matter of law.


 Nolan contends that in light of the above-referenced testimony of
Lewis, there exists no evidence that Lewis received any injury or harm
as a direct result of any negligent act or omission of Nolan. . . . .


(Bold and underlining in original; italics added.) Nolan's summary-judgment motion
attached evidence in support.

 After reviewing Nolan's no-evidence summary-judgment motion concerning
Lewis's legal-malpractice claim, we conclude that our prior opinions did not
impermissibly widen the grounds on which Nolan moved for judgment. Nolan's no-evidence summary-judgment motion is not the model of clarity, but it appears to have
contained both traditional and no-evidence aspects, despite its title as a "no-evidence"
motion. For example, to the extent that the motion attached evidence and argued that
Nolan had proved that Lewis could not prevail "as a matter of law," it was, in
essence, a traditional motion for summary judgment, redundant of Nolan's separately
filed traditional summary-judgment motion. However, to the extent that Nolan's
motion argued, for example, that "in light of the above-referenced testimony of
Lewis, there exists no evidence that Lewis received any injury or harm as a direct
result of any negligent act or omission of Nolan," the motion was a no-evidence
summary-judgment motion. (Emphasis added.) Lewis did not specially except to any
ambiguity that may have arisen because Nolan's no-evidence motion contained,
despite its title, some aspects of a traditional motion. See McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 342 (Tex. 1993) ("An exception is required should
a non-movant wish to complain on appeal that the grounds relied on by the movant
were unclear or ambiguous."); accord Franco v. Slavonic Mut. Fire Ins. Ass'n, 154
S.W.3d 777, 784-85 (Tex. App.--Houston [14th Dist.] 2004, no pet.) (indicating that,
to raise such challenge on appeal, party must specially except to summary-judgment
motion that it believes is too vague for party to ascertain whether motion is
traditional, no-evidence, or hybrid summary-judgment motion and must also obtain
ruling on exception). 

 As we stated in our first supplemental opinion, a no-evidence summary-judgment motion may specify the element or elements of the claim or defense that
lacks evidentiary support as long as the adverse party would have the burden of proof
on that claim or defense at trial. See Tex. R. Civ. P. 166a(i); Malcomson Rd. Util.
Dist. v. Newsom, 171 S.W.3d 257, 262 (Tex. App.--Houston [1st Dist.] 2005, pet.
denied). Once a movant carries its burden of specifying the element or elements of
the claim or defense on which he seeks judgment, the burden shifts to the non-movant
to produce more than a scintilla of evidence raising a genuine issue of material fact
on the challenged elements. Clarendon Nat'l Ins. Co. v. Thompson, 199 S.W.3d 482,
487 (Tex. App.--Houston [1st Dist.] 2006, no pet.). The no-evidence aspect of
Nolan's summary-judgment motion attacked the element of causation, shifting the
burden to Lewis to respond by producing some evidence of causation.

 But Lewis had to produce legally competent evidence to carry that burden. See
Garcia v. Nat'l Eligibility Express, Inc., 4 S.W.3d 887, 891 (Tex. App.--Houston [1st
Dist.] 1999, no pet.) (citing Yates v. Fisher, 988 S.W.2d 730, 731 (Tex. 1998)). Our
prior opinions explain why legally competent evidence of causation in this case meant
expert evidence, which Lewis did not produce. That reasoning, and the conclusion
flowing from it, do not change even if the focus is narrowed to the legal effect of
Lewis's deposition testimony in the collection suit: for the reasons set out in our
October 2006 opinion, the legal effect of Nolan's having failed to respond to the
summary-judgment motion that FFS filed based on that deposition testimony, as well
as the effect of Lewis's having paid off the April 1987 note, is still outside the jury's
common understanding. 


Conclusion


 Although we have granted Lewis's second rehearing motion, we deny the relief
requested by Lewis therein. (3) 

 We deny Nolan's motion for sanctions, styled "Motion for Damages."



 Tim Taft

 Justice


Panel consists of Justices Taft, Higley, and Bland.
1. Because we grant Lewis's second rehearing motion and issue this supplemental
opinion on rehearing, the motion for en banc reconsideration is rendered moot. 
See Brookshire Bros., Inc. v. Smith, 176 S.W.3d 30, 41 n.4 (Tex.
App.--Houston [1st Dist.] 2004, pet. denied) (op. on reh'g), cert. denied, 127
S. Ct. 256 (2006).
2. This deposition testimony consisted of Lewis's testimony that he had signed
the note as a borrower, that he was suffering from no legal incapacity or under
duress at the time that he signed the note, that no one misrepresented the note
to him so that he did not know what he signed, that the transaction was not
illegal, and that he had not discharged the note in bankruptcy.
3. We take this opportunity take make one correction to our December 14, 2006
supplemental memorandum opinion. On page two of that opinion, we stated,
"Nolan argues that we erred in affirming the no-evidence summary judgment
rendered on his legal-malpractice claim because the basis on which we
affirmed the judgment--that Lewis did not raise a genuine issue of material
fact because he did not present expert opinion testimony on causation--was
not raised in the summary-judgment motion in the trial court.
" (Emphasis
added.) That sentence should, of course, have employed "Lewis," rather than
"Nolan," as its subject.