Affirmed as Modified and Majority and Concurring Opinions filed January
15, 2008








 

Affirmed
as Modified and Majority and
Concurring Opinions filed January 15, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00364-CV

____________

 

JOSE THOTTUMKAL AND SARAMMA
THOTTUMKAL,
Appellants

 

V.

 

LARRY MCDOUGAL, Appellee

 



 

On Appeal from the 268th
District Court

Fort Bend County, Texas

Trial Court Cause No. 05-CV-142505

 



 

M A J O R I T Y   O P I N I O N

Appellants, Jose and Saramma Thottumkal (the AThottumkals@), appeal a money judgment  for
sanctions and attorney=s fees in favor of appellee, Larry McDougal.  We affirm the
judgment as modified.

                                                               BACKGROUND








In
January 2000, McDougal, a licensed attorney, filed suit in county court against
appellant Saramma Thottumkal for stopping payment on a check written for legal
services rendered by McDougal.  McDougal recovered a final judgment in his
favor.  Thereafter, on May 4, 2005, the Thottumkals filed a separate suit
against McDougal in district court alleging that: (1)  their adult son wrote
the check subject of the 2000 lawsuit without their consent; (2) McDougal
committed perjury in the 2000 lawsuit when he testified that he provided legal
services to Saramma Thottumkal, when in fact such services were performed for
the Thottumkals= adult son; and (3) McDougal used scare tactics, coercion,
and forceful means to pressure Saramma Thottumkal to pay the check.  

On May
16, 2005, McDougal wrote a letter to the Thottumkals informing them that their
lawsuit was frivolous and time-barred and gave the Thottumkals ten days to
withdraw the lawsuit; otherwise McDougal would seek sanctions.  The Thottumkals
did not respond to the letter.  On May 25, 2005, McDougal filed his answer, and
two days later he filed a motion for sanctions pursuant to Texas Rule of Civil
Procedure 13 and sections 9 and 10 of the Texas Civil Practice and Remedies
Code.  McDougal also filed a no-evidence motion for summary judgment and
requested attorney=s fees for the preparation and defense of the lawsuit.  On
August 11, 2005, the Thottumkals sent a letter to the court requesting that
their lawsuit be withdrawn.

The
trial court subsequently granted McDougal=s motion for sanctions and
no-evidence motion for summary judgment.  The judgment makes a single award of
$5,536.50 on two grounds: (1) relief sought in defendant=s motion for sanctions under section
10 of the Texas Civil Practice and Remedies Code; and (2) relief sought in
defendant=s motion for summary judgment for defending against the instant lawsuit.

On
appeal, the Thottumkals argue that the trial court abused its discretion
because (1) the evidence is insufficient to support the imposition of sanctions
under rule 13 and sections 9 and 10 of the Texas Civil Practice and Remedies
Code and (2) there is no legal basis to support the award of attorney=s fees to McDougal for defending
against the lawsuit.  








STANDARD
OF REVIEW

A trial
court=s ruling on a motion for sanctions is
reviewed under an abuse of discretion standard.  Cire v. Cummings, 134
S.W.3d 835, 838 (Tex. 2004).  The test for  abuse of discretion is not whether,
in the opinion of the reviewing court, the facts present an appropriate case
for the trial court=s action, but whether the court acted without reference to
any guiding rules and principles.  Id. at 838-39.  When determining if
the trial court abused its discretion, we engage in a two-part inquiry.  First,
we must ensure that the punishment was imposed on the true offender and
tailored to remedy any prejudice caused.  Id. at 839; see also Save
Our Springs Alliance, Inc. v. Lazy Nine Mun. Util. Dist., 198 S.W.3d 300,
319 (Tex. App.CTexarkana 2006, pet. denied).  Second, we must make certain that less severe
sanctions would not have been sufficient.  Cire, 134 S.W.3d at 839; Save
Our Springs, 198 S.W.3d at 319-320.

ANALYSIS 

Section
10 Sanctions

Though
sanctions are available under rule 13 of the Texas Rules of Civil Procedure and
sections 9 and 10 of the Texas Civil Practice and Remedies Code, the judgment
refers only to section 10.  Therefore, we confine our analysis to section 10,
which states A[a] court that determines that a person has signed a pleading or motion
in violation of [s]ection 10.001 may impose a sanction on the person, a party
represented by the person, or both.@  Tex. Civ. Prac. & Rem. Code Ann. ' 10.004(a) (Vernon 2002).  Section
10.001 provides:

The signing
of a pleading or motion as required by the Texas Rules of Civil Procedure
constitutes a certificate by the signatory that to the signatory=s best knowledge, information, and belief, formed
after reasonable inquiry:  

(1) the
pleading or motion is not being presented for any improper purpose, including
to harass or to cause unnecessary delay or needless increase in the cost of
litigation; 








(2) each
claim, defense, or other legal contention in the pleading or motion is
warranted by existing law or by a nonfrivolous argument for the extension,
modification, or reversal of existing law or the establishment of new law; 

(3) each
allegation or other factual contention in the pleading or motion has
evidentiary support or, for a specifically identified allegation or factual
contention, is likely to have evidentiary support after a reasonable
opportunity for further investigation or discovery; and 

(4) each
denial in the pleading or motion of a factual contention is warranted on the
evidence or, for a specifically identified denial, is reasonably based on a
lack of information or belief.  

Id. at ' 10.001.  








The
trial court found that the Thottumkals did not exercise due diligence and
failed to make a reasonable inquiry and examination Ainto the validity of their claims@ and  Aany potential bars@ including Astatute of limitations, res judicata,
and/or collateral estoppel.@  The Thottumkals do not dispute that their claims were
groundless, but only that it was McDougal=s burden, as the movant, to prove
their failure to make a reasonable inquiry and to exercise due diligence before
filing suit, neither of which they contend McDougal proved.  Courts must
presume that pleadings are filed in good faith.  Low v. Henry, 221
S.W.3d 609, 614 (Tex. 2007); see also GTE Commc=ns Sys. Corp. v. Tanner, 856 S.W.2d 725, 730 (Tex. 1993); Save
Our Springs, 198 S.W.3d at 321.  The party seeking sanctions bears the
burden of overcoming the presumption of good faith in the filing of pleadings. 
Save Our Springs, 198 S.W.3d at 321.  Though sanctions are available
under rule 13 and sections 9 and 10, only rule 13 and section 9 explicitly
presume that pleadings are filed in good faith.  See Tex. R. Civ. P. 13
(stating that courts shall presume pleadings, motions, and other papers are
filed in good faith); Tex. Civ. Prac. & Rem. Code Ann. ' 9.003 (indicating that section 9
does not alter the Texas Rules of Civil Procedure).  The Texas Supreme Court
and at least one court of appeals have analyzed section 10 sanctions under the
same standards and presumptions as rule 13 and section 9.  See Low, 221
S.W.3d at 614 (reviewing section 10 sanctions under the same standard as Rule
13); Save Our Springs, 198 S.W.3d at 319-321 (adopting the Rule 13
presumption and standard of review for section 10 sanctions).  Following Low
and Save Our Springs, we extend the presumption that pleadings are filed
in good faith to section 10 sanctions.

Jose
Thottumkal admitted that he filed the instant lawsuit based on his personal
feelings about the inequities of the 2000 lawsuit, rather than the validity of
the claims and any potential bars.  Had the Thottumkals made a reasonable
inquiry before filing suit, they would have discovered that their claims were
barred by statute of limitations, res judicata, and/or collateral estoppel from
the 2000 lawsuit.  McDougal also sent a letter to the Thottumkals after being
served with the lawsuit detailing legal bars to their claims.  However, the
Thottumkals waited until after McDougal filed an answer, motion for summary
judgment, and motion for sanctions before they dismissed the suit.  McDougal
produced adequate evidence rebutting the presumption that the Thottumkals= petition was filed in good faith. 
McDougal also produced sufficient evidence that the Thottumkals failed to
conduct a reasonable inquiry into the validity of their claims prior to filing
suit, which would have revealed that it was groundless. 

Applying
the appropriate standard of review, we hold that the monetary sanction was imposed
on the true offender, the Thottumkals, and tailored to remedy the prejudice
caused to McDougal.  See Cire, 134 S.W.3d at 839.  Furthermore, the
award of $5,536.50 was proper as McDougal produced evidence that the expenses
incurred, including reasonable attorney=s fees, was $5,536.50 for the
Thottumkals= sanctionable conduct.  See Tex. Civ. Prac. & Rem. Code Ann. ' 10.004(c)(3) (stating that a section
10 sanction may include reasonable attorney=s fees incurred).  No less severe
sanction would have been sufficient.  We overrule the Thottumkals= first issue.  








Non-Sanction
Award

In their
second issue, the Thottumaks allege that the trial court abused its discretion
in awarding attorney=s fees based on McDougal=s motion for summary judgment for
defending against the lawsuit because such award is unsupported by any statute,
rule, or contractual authority.  We agree.  Because McDougal moved for attorney=s fees in his summary judgment motion
under rule 166a(c), he has the burden to prove entitlement to those fees as a
matter of law.  Garcia v. Nat=l Eligibility Exp., Inc., 4 S.W.3d 887, 889 (Tex. App.CHouston [1st Dist.] 1999, no pet.). 
To recover statutory attorney=s fees, McDougal must have presented a claim to the opposing
party.  See Energen Resources MAQ, Inc. v. Dalbosco, 23 S.W.3d 551, 559
(Tex. App.CHouston [1st Dist.] 2000, pet. denied).  The Texas Civil Practice and
Remedies Code does not provide for the recovery of attorney=s fees by a defendant who only
defends against a plaintiff=s claim and presents no claim of his own.  Id.; see
also American Airlines, Inc. v. Swest, Inc., 707 S.W.2d 545, 547 (Tex.
1986) (holding that the defendant could not recover attorney=s fees under section 38.001 when it
presented no contract claim of its own).  No statute authorized McDougal=s recovery of attorney=s fees for defending against the
lawsuit. Because McDougal did not produce evidence of a contractual right to
attorney=s fees, and there is no statute
authorizing attorney=s fees for defending against a claim, the trial court abused
its discretion in awarding attorney=s fees to McDougal for defending
against the Thottumkals= lawsuit.     

While
the award of attorney=s fees based on McDougal=s motion for summary judgment for
defending against the lawsuit is improper, the fee award for the Thottumkals= sanctionable conduct under section
10 is proper.  See Tex. Civ. Prac. & Rem. Code Ann. '' 10.001, 10.002, 10.004.  The trial
court=s order does not clearly state that
it awarded attorney=s fees only for the sanctionable conduct; it potentially
awards attorney=s fees based on the summary judgment motion.  To the extent
that the order does grant attorney=s fees on the summary judgment
motion, we sustain the Thottumkals= second issue.   








Accordingly,
we modify the judgment to delete the award of attorney=s fees as requested in defendant=s motion for summary judgment for
defending against this lawsuit and reflect that the award in the amount of
$5,536.50 is awarded to McDougal for sanctions under section 10.

We affirm the judgment as so
modified. 

 

/s/        Adele Hedges

Chief Justice

 

Judgment rendered and Majority and
Concurring Opinions filed January 15, 2008.

Panel consists of Chief Justice
Hedges, Justice Fowler, and Senior Justice Edelman.* (Edelman, J. concurring).

Publish C Tex. R. App. P. 47.2(b).

 

 

 

 

 

 

 

 

 

 

 

* Senior Justice Richard H. Edelman
sitting by assignment.