Affirmed as Modified and Memorandum Opinion filed May 27, 2008








Affirmed
as Modified and Memorandum Opinion filed May 27, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00049-CV

_______________

 

SOON A. SONG D/B/A WASHATERIA E-Z AND KON HO SONG 

D/B/A WASHATERIA E-Z, Appellants

 

V.

 

ALLIANCE LAUNDRY SYSTEMS, L.L.C. 

F/K/A GLOBAL FOX FINANCIAL, INC., Appellee

                                                                                                                                               


On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 2001B05040

                                                                                                                                     
          

 

M E M O R A N D U M  O P I N I O N








Appellee,
Alliance Laundry Systems, L.L.C. f/k/a Global Fox Financial, Inc. (AGlobal Fox@), sued appellants, Soon A. Song
d/b/a/ Washateria E-Z and Kon Ho Song d/b/a Washateria E-Z (collectively Athe Songs@), asserting several alternative
claims arising from the Songs= default on a promissory note and subsequent breach of a
settlement agreement.[1]  The trial
court granted Global Fox=s motion for summary judgment and rendered final judgment for
$110,000, plus attorney=s fees and interest.

In eight
issues, the Songs contend (1) they raised a genuine issue of material fact on
several affirmative defenses, (2) the trial court erred by awarding attorney=s fees, (3) the trial court failed to
condition recovery of appellate attorney=s fees upon Global Fox=s success on appeal, and (4) the
trial court incorrectly calculated pre-judgment interest.  We modify the
judgment to order that the attorney-fee award of $15,000 if the Songs appeal
the judgment to the Court of Appeals and another $10,000 if they appeal the
judgment to the Texas Supreme Court is conditioned upon Global Fox=s success on these appeals.  We
affirm the judgment as modified.

I.  Background

According
to the undisputed summary-judgment evidence, in August 2000, Global Fox loaned
the Songs money to finance their washateria business.  The parties executed a APromissory Note & Security
Agreement (Commercial),@ in which the Songs agreed to pay Global Fox $366,686.64 in seventy-one
installments.  The collateral was equipment used in the business.  The Songs
defaulted on the note by failing to make any payments and abandoning the
collateral.  Pursuant to certain terms of the note, Global Fox accelerated
maturity of the debt and repossessed the collateral.  Global Fox sold the
collateral for $95,000, resulting in a balance of $271,686.64, plus late
charges, due on the note.

Subsequently,
Global Fox sued the Songs for breach of contract.  On September 12, 2003, the
parties executed a ASettlement/Rule 11 Agreement,@ providing that the case shall be
resolved by (1) an agreed order of dismissal with costs taxed against Global
Fox, and (2) an agreed judgment in favor of Global Fox for $110,000 to be paid
through an initial installment followed by forty-eight equal monthly
installments with interest.








The
Songs failed to make any of these payments.  Apparently, an agreed order of
dismissal and judgment were not entered as contemplated in the settlement
agreement.[2]  Therefore,
the case remained pending on the trial court=s docket.  Accordingly, Global Fox
filed an amended petition, asserting several alternative claims: (1) breach of
the settlement agreement; (2) suit on sworn account to recover the settlement
amount; (3) breach of the note; and (4) suit on sworn account to recover the
balance due on the note.

Global
Fox filed a motion for summary judgment on these four alternative grounds.  The
trial court granted the motion and signed a final judgment awarding Global Fox
$110,000, plus attorney=s fees and interest.  The Songs also filed a motion for
summary judgment, which the trial court denied.  The Songs appeal from the
summary judgment in favor of Global Fox.

II.  Standard of Review 








A party
moving for traditional summary judgment must establish that no genuine issue of
material fact exists and it is entitled to judgment as a matter of law.  See
Tex. R. Civ. P. 166a(c);  Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215B16 (Tex. 2003).  In particular, a plaintiff moving for
summary judgment must conclusively prove all essential elements of its claim.  Cullins
v. Foster, 171 S.W.3d 521, 530 (Tex. App.CHouston [14th Dist.] 2005, pet. denied)
(citing MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986)).  If the
movant facially establishes its right to summary judgment, the burden shifts to
the non-movant to raise a genuine issue of material fact sufficient to defeat
summary judgment.  See Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195,
197 (Tex. 1995); Lundstrom v. United Servs. Auto. Ass=n‑CIC, 192 S.W.3d 78, 84 (Tex. App.CHouston [14th Dist.] 2006, pet.
denied).  We review a summary judgment de novo.  Knott, 128 S.W.3d at
215.  We take all evidence favorable to the nonmovant as true and indulge every
reasonable inference and resolve any doubts in favor of the nonmovant.  Id.

III.  Affirmative Defenses

In their
first four issues, the Songs contend the trial court erred by granting summary
judgment because they raised a genuine issue of material fact on several
affirmative defenses. 

We must
note that all these defenses urged on appeal pertain to the Songs= alleged liability for breach of the
settlement agreementCnot the underlying promissory note.  Specifically, the Songs
contend (1) the settlement agreement is invalid because it was induced by
fraud; (2) the trial court was required to reduce the settlement amount by
$95,000 Global Fox realized from sale of the collateral;[3]
and (3) the Songs were excused from performance under the settlement agreement
because it was also breached by Global Fox.








However,
in its motion, Global Fox presented several alternative summary-judgment
grounds, including breach of the settlement agreement and breach of the
note.  Global Fox specifically sought summary judgment based on breach of the note
if the Songs responded they were not liable under the settlement agreement. 
The Songs did respond, among other contentions, that they were not liable under
the settlement agreement for several purported reasons.[4] 
Further, Global Fox requested recovery of the entire balance due on the note. 
However, on appeal, the Songs do not attack summary judgment on the ground they
breached the note.[5]

As the
Songs acknowledge, the trial court did not expressly state in its judgment the
ground on which summary judgment was granted.[6] 
When the trial court does not specify in its order the ground on which summary
judgment was granted, we will affirm the judgment if any theory advanced in the
motion is meritorious.  Zarzana v. Ashley, 218 S.W.3d 152, 157 (Tex.
App.CHouston [14th Dist.] 2007, pet.
struck) (citing Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150,
157 (Tex. 2004)); Haas v. George, 71 S.W.3d 904, 911B12 (Tex. App.CTexarkana 2002, no pet.); Evans v.
First Nat=l Bank of Bellville, 946 S.W.2d 367, 377 (Tex. App.CHouston [14th Dist.] 1997, writ
denied).  Thus, on appeal, if the appellant fails to negate each ground on
which summary judgment may have been granted, we must uphold the judgment.  Haas,
71 S.W.3d at 912; Evans, 946 S.W.2d at 377; see Zarzana,
218 S.W.3d at 157.

Therefore,
because the Songs fail to challenge Global Fox=s request for summary-judgment based
on breach of the note, we may uphold the judgment on that ground.  Accordingly,
we need not consider the Songs= affirmative defenses to enforcement of the settlement
agreement.  We overrule the Songs= first through fourth issues.








IV.  Attorney=s Fees

Next,
the Songs challenge the award to Global Fox of attorney=s fees for prosecuting its suit in
the trial court and on appeal.

A.        Attorney=s Fees in Trial Court

In the
motion for summary judgment, Global Fox requested attorney=s fees on two grounds.  First, Global
Fox sought reasonable and necessary fees under Texas Civil Practice and
Remedies Code section 38.001.  See Tex. Civ. Prac. & Rem. Code Ann. ' 38.001(7), (8) (Vernon 1997)
(providing, party may recover reasonable attorney=s fees when it prevails on claim for
breach of written contract or suit on sworn account).  Further, Global Fox
alleged the note allowed recovery of attorney=s fees upon the Songs= default.  Global Fox requested
$35,000 in fees for prosecuting its suit in the trial court.  The trial court
awarded $30,000.

In the
Songs= fifth and sixth issues, they
challenge this award for several reasons: (1) the affidavit of Global Fox=s attorney was insufficient to prove
its fees were reasonable and necessary;[7] (2) the Songs
presented controverting affidavits raising a fact issue on whether the fees
were reasonable and necessary; (3) the award should have been decreased
proportionate to reduction of the settlement amount by $95,000 realized from
sale of the collateral; and (4) the Songs were entitled to offset Global Fox=s fees or recover their own fees
because Global Fox also breached the settlement agreement.








The
Songs challenge only Global Fox=s first ground for recovery of attorney=s feesCCivil Practice and Remedies Code
section 38.001.  The above-cited contentions all rest on the premise that
Global Fox was required to prove its fees were reasonable and necessary because
it sought recovery under section 38.001.  Moreover, the Songs attack the
attorney-fee award presuming the trial court granted summary judgment based on
breach of the settlement agreement.

However,
the Songs fail to challenge Global Fox=s request for attorney=s fees pursuant to the note. 
Specifically, the note provided that, upon default, the Songs Apromise[] to pay all costs of
collection, including an attorney=s fee of twenty five percent of the
amount due . . .@  This provision did not require proof of reasonableness, but
instead allowed recovery of an amount certain.  The trial court awarded less
attorney=s fees than allowed under this
provision.[8]  As
discussed, we may uphold summary judgment based on breach of the note. 
Consequently, we may also affirm the award of attorney=s fees under the pertinent provision
of the note.  Accordingly, we overrule the Songs= fifth and sixth issues.

B.        Appellate Attorney=s Fees

The
trial court awarded attorney=s fees of $15,000 if the Songs appeal the judgment to the
Court of Appeals and another $10,000 if they appeal the judgment to the Texas
Supreme Court.  This award was consistent with Global Fox=s request for appellate attorney=s fees in the motion for summary
judgment.  In their seventh issue, the Songs challenge this award for two
reasons: (1) Global Fox failed to prove the fees are reasonable and necessary;
and (2) recovery is not conditioned upon Global Fox=s success on appeal.








Again,
with respect to their first contention, the Songs challenge only Global Fox=s request for reasonable and necessary
fees under section 38.001 based on breach of the settlement agreement.  The
Songs fail to attack Global Fox=s request for attorney=s fees pursuant to the note.  The
pertinent provision of the note did not specifically mention appellate attorney=s fees.  However, the provision
allowed recovery of Acosts of collection,@ including attorney=s fees, which encompasses fees
incurred by Global Fox to defend its judgment on appeal.  The trial court=s total award of attorney=s fees, including appellate fees, was
less than the amount allowed under the note.  Accordingly, we may uphold the
award of appellate attorney=s fees based on breach of the note.

The
Songs also contend the trial court erred by failing to condition the award upon
Global Fox=s success on appeal.  Recovery of appellate attorney=s fees pursuant to section 38.001
must be conditioned on the receiving party=s success.  See Siegler v.
Williams, 658 S.W.2d 236, 241 (Tex. App.CHouston [1st Dist.] 1983, no writ). 
Moreover, the pertinent provision of the note implicitly requires that recovery
of appellate attorney=s fees be conditioned upon Global Fox=s success on appeal.  The provision
entails that Global Fox Acollect@ amounts due on the note to recover attorney=s fees; i.e., successfully defend its
judgment on appeal.  In fact, Global Fox agrees the award should be conditioned
upon its success on appeal.[9]

However,
this error does not require reversal but modification of the judgment to insert
the requisite language.  See Thomas v. Cornyn, 71 S.W.3d 473, 491
(Tex. App.CAustin 2002, no pet.).  Accordingly, we overrule, in part, and sustain,
in part, the Songs= seventh issue.  We will affirm the award of appellate
attorney=s fees but modify the judgment to add
the conditioning language.








V.  Interest

In their
eighth issue, the Songs contend the trial court applied the incorrect rate to
calculate pre-judgment interest.  The trial court awarded pre-judgment interest
Aat the rate of 11.5% per annum from
December 12, 2003, through the date of this Order in the amount of $39.723.97.@  The Songs assert that the trial
court obtained the rate of 11.5% from the settlement agreement.  Specifically,
the agreement required payment of $110,000 as follows: A$45,000 to be paid within 90 days
[December 11, 2003] . . . $65,000 to be paid @ 11.5% in 48 monthly paymts [sic]
of 1695.99 beginning Jan. 11, 2004.@

The
Songs suggest the 11.5% rate for financing part of the settlement does not
apply to calculating pre-judgment interest.  Rather, the Songs contend
pre-judgment interest accrued at the post-judgment interest rate and should be
computed as simple interest.  See Johnson & Higgins of Tex., Inc. v.
Kenneco Energy, Inc., 962 S.W.2d 507, 532 (Tex. 1998).  The Songs further
assert that the post-judgment interest rate was 8.25% when judgment was rendered.

We
recognize the judgment indicates the trial court may have calculated
pre-judgment interest using the rate prescribed in the settlement agreement.[10] 
However, as discussed, we may uphold the judgment based on breach of the note
because the trial court did not express the liability theory on which it
granted summary judgment.  In its motion for summary judgment, Global Fox
requested pre-judgment interest in general, which encompassed interest on
damages for breach of the note.  The Songs do not challenge the award of
pre-judgment interest if based on breach of the note.








Under
the authority cited by the Songs, prejudgment interest begins to accrue on the
earlier of  (1) 180 days after the date a defendant receives written notice of
a claim; or (2) the date suit is filed.  See id. at 531.  Global Fox=s summary judgment evidence does not
reflect the date, if any, on which the Songs received written notice of the
claim for breach of the note.  However, the record demonstrates Global Fox
filed suit on January 31, 2001.  Applying a rate of 8.25% per annum, as urged
by the Songs, to a $110,000 judgment, from January 31, 2001 through October 31,
2006 (date of judgment), computed as simple interest, yields more interest than
$39.723.97 awarded by the trial court.[11] 
Accordingly, we may uphold the award of pre-judgment interest based on judgment
for breach of the note.  We overrule the Songs= eighth issue.

VI.  Conclusion

In sum,
we modify the trial court=s judgment to order that the attorney-fee award of $15,000 if
the Songs appeal the judgment to the Court of Appeals and another $10,000 if
they appeal the judgment to the Texas Supreme Court is conditioned upon Global
Fox=s success on these appeals.  We
affirm the judgment as modified.

 

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Memorandum Opinion filed May 27,
2008.

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore.









[1]  Before rendering final judgment, the trial court
allowed Alliance Laundry Systems, L.L.C. to substitute for Global Fox
Financial, Inc.





[2]  The Songs maintain that Global Fox was responsible
for failure to obtain entry of an agreed dismissal order. In contrast, Global
Fox contends the Songs opposed entry of an agreed judgment.  The record does
indicate that Global Fox twice requested entry of an agreed judgment, but there
is no indication why it was not signed by the trial court.  Nevertheless, the
fact that the agreed dismissal order and judgment were not entered is
immaterial to our disposition.





[3]  The Songs reference two different principles to
support their alleged right to this reduction: in their stated issue, the Songs
contend they were entitled to an Aoffset@; but, they argue Global Fox failed to Amitigate@
its damages.  Nevertheless, in their brief, the Songs do not specifically
assert that this defense pertains to only the settlement agreement.  However,
in their summary-judgment response, the Songs expressly presented this defense
to the claim for breach of the settlement agreement.  The Songs generally
alleged a right to this reduction because they first learned the amount
realized from sale of the collateral after executing the settlement agreement. 
Moreover, this defense clearly cannot relate to Global Fox=s claim for breach of the note because it did Aoffset@ or Amitigate@
damages upon the Songs= default by selling the collateral, thereby reducing
the balance due.





[4]  The Songs filed a very general summary-judgment
response followed by a more detailed brief in support of their response.  We
have considered these filings collectively as their Aresponse.@





[5]  Other than relying on the above-cited affirmative
defenses, the Songs do not challenge the substantive summary-judgment grounds. 
In particular, the Songs do not dispute that they failed to make any payments
due under the note or outlined in the subsequent settlement agreement.





[6]  We recognize the trial court awarded damages of
$110,000Cthe amount of principal outlined in the settlement
agreement.  However, the trial court did not state the theory of liability on
which it granted summary judgment.  We cannot conclude summary judgment was
based on breach of the settlement agreement simply because the damages award
equaled the amount specified in the agreement.  We cannot foreclose the
possibility that the trial court found liability based on breach of the note
but incorrectly determined the resulting damages.  In such a case, Global Fox would
be the aggrieved party because successful prosecution of the claim for breach
of the note entitled Global Fox to a greater recovery.  Nevertheless, the
Songs, in fact, agree that the trial court did not expressly state the theory
on which summary judgment was granted.





[7]  Global Fox=s
attorney presented an affidavit with the motion for summary judgment.  After
the trial court granted the motion in part, but before it rendered final
judgment, Global Fox presented another, more detailed affidavit, in response to
the Songs= motion to strike the first affidavit.  On appeal, the
Songs challenge only the first affidavit.  Nonetheless, as we will discuss, we
may uphold the award of attorney=s
fees on a ground that did not require proof of reasonableness.  Consequently,
we need not consider whether the second affidavit should be considered part of
the summary-judgment record or the effect of the Songs= failure to challenge this affidavit.





[8]  Twenty-five percent of the amount due on the note,
after sale of the collateral, was $67,921.66.





[9]  Preliminarily, Global Fox asserts the Songs failed
to preserve this and other complaints regarding attorney=s fees in their motion for new trial. However, a party
is not required to file a motion for new trial to preserve a complaint
concerning substantive grounds on which summary judgment was granted.  Smith
v. Mike Carlson Motor Co., 918 S.W.2d 669, 672 (Tex. App.CFort Worth 1996, no writ); see Lee v.
Braeburn Valley W. Civic Ass=n, 786 S.W.2d 262, 263 (Tex.
1990) .  We characterize the attorney-fee award as an aspect of substantive
summary-judgment grounds because Global Fox was required to prove its right to
recover fees.  See Van Es v. Frazier, 230 S.W.3d 770, 784 (Tex.
App.CWaco 2007, pet. denied); Garcia v. Nat=l Eligibility Express, Inc., 4 S.W.3d 887, 889 (Tex. App.CHouston [1st Dist.] 1999, no pet.).  We construe the
Songs= complaint as challenging Global Fox=s broad request for recovery of appellate attorney=s fees irrespective of its success on appeal. 
Consequently, the Songs were not required to raise this complaint in a motion
for new trial.  See Garcia, 4 S.W.3d at 889 (holding non-movant did not
waive appellate challenge to attorney fee award by failing to object in trial
court where movant bore burden to conclusively prove legal basis for fees).





[10]  We cannot even definitively conclude the trial court
determined pre-judgment interest based solely on the settlement agreement
because the interest does not comport with the agreement.  The trial court
awarded 11.5% on the entire $110,000, beginning December 12, 2003.  However,
under the settlement agreement, the 11.5% rate did not apply to the initial
installment of $65,000, but only to the $45,000 financed portion. Further,
under the agreement, interest at 11.5% would not accrue until Jan. 11, 2004Cwhen the first payment of the financed portion was
due.





[11]  We do not hold that applying 8.5% is necessarily the
correct method for calculating pre-judgment interest based on breach of the
note.  However, because the Songs do not challenge the award of pre-judgment
interest based on breach of the note, they have not argued that any other
method is applicable.