

# MEMORANDUM OPINION

No. 04-09-00233-CV

Irene **MARTINEZ**,
Appellant

v.

**WILSON COUNTY, TEXAS; KARNES COUNTY, TEXAS; NEVA SCHMIDT IN HER OFFICIAL CAPACITY AS CHIEF, JUVENILE PROBATION OFFICER, AND KARNES/WILSON JUVENILE PROBATION DEPARTMENT,**
Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 07-07-00106-CVK
Honorable David Peeples, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  January 13, 2010

AFFIRMED

This appeal stems from the entry of a no-evidence summary judgment in favor of Appellees Wilson and Karnes Counties, Neva Schmidt in her official capacity as Chief Juvenile Probation Officer, and Karnes/Wilson Juvenile Probation Department (collectively the "Department").  Appellant Irene Martinez sued the Department alleging wrongful termination in retaliation for complaining about a gender based hostile work environment.  Martinez contends

she was discharged in violation of the Texas Commission on Human Rights Act (the "TCHRA"). *See* TEX. LAB. CODE ANN. § 21.055(1) (Vernon 2006). The trial court concluded there was no evidence that Martinez engaged in a protected activity resulting in her termination and granted the summary judgment. We affirm the judgment of the trial court.

## STATEMENT OF FACTS

Martinez, a former secretary for the Department, was terminated for allegedly trying to prevent a student from receiving medical treatment and conspiring with her supervisor, Suzanne Deptuch. Prior to her discharge, Martinez sent a grievance letter dated May 24, 2006 to Neva Schmidt, Chief Juvenile Probation Officer, complaining about the unprofessional behavior of male drill instructor Greg Cleveland. Martinez claimed that Cleveland yelled at Martinez because she told him the cafeteria manager was waiting. He shouted, "I am busy, she can wait another ten minutes!" In the grievance letter, Martinez stated "[Cleveland] then turned towards me, and with a very angry look and a very loud voice, 'I am working, and I don't go and bother you when you are working!' I then told him to stop yelling at me, at which time he replied 'get out and you can go tell all of them, before I drill you too!'" Martinez stated she was highly offended by Cleveland's behavior because it took place in front of the students and was disrespectful. On June 2, 2006, Martinez sent another letter to Schmidt and each member of the Board of Directors of the Probation Department, entitled "Notice of Hostile Work Environment," requesting they take measures against Cleveland.

On June 7, 2006, Martinez was terminated for conspiring with Deptuch regarding an incident and corresponding injury to a student on May 11, 2006. Schmidt's letter to Martinez dated June 8, 2006, stated Martinez was being terminated for attempting to prevent a student from receiving medical treatment, among other things. The student in question had burned his

face while conducting a science experiment without permission or supervision. Martinez and Deptuch went to the student's aid, and after speaking with the student's mother and applying burn ointment from the first aid kit, agreed that the child's injuries did not require further medical treatment. Schmidt was not alerted to the incident until the next afternoon when she saw the student's injuries.

Martinez claims that she was subjected to a hostile working environment on the basis of her female gender because of the abusive behavior of Cleveland. Martinez believes that when she complained about the hostile work environment, she was terminated in retaliation for raising the complaint. The Department filed a motion for summary judgment on grounds that there was no evidence that Martinez engaged in a protected activity. The trial court granted the motion, and Martinez timely filed for appeal.

## STANDARD OF REVIEW

When a party moves for a no-evidence summary judgment, the nonmovant must produce some evidence raising a genuine issue of material fact. TEX. R. CIV. P. 166a(i); *Romo v. Tex. Dep't of Transp.*, 48 S.W.3d 265, 269 (Tex. App.—San Antonio 2001, no pet.). A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

## RETALIATORY DISCHARGE

Martinez contends genuine fact issues existed precluding summary judgment as to her claim of wrongful discharge in retaliation for opposing a discriminatory practice. The Department argues on appeal that Martinez failed to make the required prima facie showing that

she was engaged in a protected activity that resulted in her termination. We agree that Martinez failed to make the necessary showing.

**A. Prima Facie Elements**

In an employment discrimination case, we employ the burden-shifting analysis affirmed in *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133 (2000). *See Graves v. Komet*, 982 S.W.2d 551, 554 (Tex. App.—San Antonio 1998, no pet.) (citing *Dep't of Human Servs. v. Hinds*, 904 S.W.2d 629, 636 (Tex. 1995)). To establish a prima facie case of retaliation, a plaintiff must show: (1) she engaged in a protected activity; (2) an adverse employment action occurred; and (3) there was a causal connection between participation in a protected activity and the adverse employment decision. *Wal-Mart Stores, Inc. v. Lane*, 31 S.W.3d 282, 295 (Tex. App.—Corpus Christi 2000, pet. denied) (citing *Graves*, 982 S.W.2d at 554). The burden then shifts to the defendant to demonstrate a legitimate nondiscriminatory purpose for the adverse employment action. *Dias v. Goodman Mfg. Co., L.P*., 214 S.W.3d 672, 676 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

Protected activities consist of: (1) opposing a discriminatory practice; (2) making or filing a charge; (3) filing a complaint; or (4) testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing. *See City of Waco v. Lopez*, 259 S.W.3d 147, 150 (Tex. 2008) (citing Tex. Lab. Code Ann. § 21.055(2) (Vernon 2006)). The discriminatory practices made unlawful under the Act include "adverse employment decisions based on race, color, disability, religion, sex, national origin, or age." Tex. Lab. Code Ann. § 21.051 (Vernon 2006). "Because our state statute tracks its federal counterpart in title VII of chapter 42 of the United States Code, we may consider analogous federal case law in the interpretation and application of our Texas statute." *Romo*, 48 S.W.3d at 269-70 (citing *Graves*, 982 S.W.2d at 554).

**B. Protected Activity**

In the present case, Martinez contends genuine fact issues exist precluding summary judgment as to her claim that she engaged in a protected activity. An employee's opposition to discriminatory conduct may be protected even if no violation of law existed but the employee reasonably believed that a violation had occurred. *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 428 (5th Cir. 2000). Engaging in a protected activity, however, requires a complaint of some sort of discrimination that is covered by the TCHRA. *Spinks v. Trugreen Landcare, L.L.C.*, 322 F. Supp. 2d 784, 796 (S.D. Tex. 2004). "A vague charge of discrimination will not invoke protection under the statute." *Azubuike v. Fiesta Mart, Inc.*, 970 S.W.2d 60, 65 (Tex. App.—Houston [14th Dist.] 1998, no pet.). A complaint of unfair treatment and harassment does not "put the employer on notice that the complaint was based on . . . sexual discrimination." *Harris-Childs v. Medco Health Solutions, Inc.*, 169 F. App'x 913, 916 (5th Cir. 2006).

In order for workplace comments to "provide sufficient evidence of discrimination, those comments must be (1) related to plaintiff's protected class, (2) proximate in time to the adverse employment decision, (3) made by an individual with authority over the employment decision at issue, and (4) related to the employment decision at issue." *Krystek v. Univ. of S. Miss.*, 164 F.3d 251, 256 (5th Cir. 1999); *accord Niu v. Revcor Molded Prods. Co.*, 206 S.W.3d 723, 729-30 (Tex. App.—Fort Worth 2006, no pet.). Stray remarks made in the work place by non-decision makers are not evidence of the employer's intent to discriminate. *See Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41-42 (5th Cir. 1996); *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (stating that Title VII "does not set forth a general civility code for the American workplace." (citations omitted)). "[S]ubjective beliefs of discrimination alone are

insufficient to establish a prima facie case." *Romo*, 48 S.W.2d at 270 (citing *Farrington v. Sysco Food Servs., Inc.*, 865 S.W.2d 247, 251 (Tex. App.—Houston [1st Dist.] 1993, writ denied)).

## C. Martinez's Summary Judgment Evidence

Martinez argues that her letters of May 24, 2006 and June 2, 2006 are evidence that she opposed the Department's gender discrimination that created a hostile work environment. While Martinez did complain of a hostile work environment, at no time, in her letters or otherwise, did she suggest that Cleveland's conduct was motivated by Martinez's race, sex, age, disability, or other characteristic protected by the TCHRA. Although Martinez may have found Cleveland's behavior rude or offensive, there is no indication that it implicated the TCHRA. *See Romo*, 48 S.W.2d at 270. Furthermore, Martinez produced no evidence that Cleveland was a decision maker or that he was in any position to influence the individuals making the termination decisions. *See Nichols*, 81 F.3d at 41-42.

Martinez stated she felt Cleveland's conduct was "designed to disrespect, humiliate, and instill fear in fellow employees," yet there is no mention of Cleveland's gender other than to refer to him as "Mr. Cleveland." These letters did not allege unfair treatment on the basis of gender sufficient to put the Department on notice. *See Harris-Childs*, 169 Fed. App'x at 916. Moreover, we do not believe the content of Martinez's letters would support an inference that she was engaging in a protected activity, i.e. complaining of discrimination. Under these facts, Martinez must produce some evidence of a protected activity before reaching the issue of pretext. In the absence of statutorily protected activity, there can be no cognizable retaliation claim under the TCHRA.

## CONCLUSION

Martinez failed to meet her burden to produce some evidence of a prima facie case of retaliation. In the absence of a prima facie case, the burden did not shift to the Department to demonstrate a legitimate nondiscriminatory purpose for Martinez's termination; thus, we need not reach Martinez's remaining arguments that the Department's stated reason for terminating her was pretextual or that the discharge was motivated in part by retaliation. *See* TEX. R. APP. P. 47.1 (encouraging concise opinions addressing only those issues "necessary to final disposition of the appeal"). Accordingly, the judgment of the trial court is affirmed.

Rebecca Simmons, Justice