**AFFIRM; and Opinion Filed July 25, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00099-CV

### CELIA D. MISKEVITCH, Appellant
### V.
### 7-ELEVEN, INC., Appellee

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-00611**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Boatright
Opinion by Justice Boatright

This is an employment retaliation case in which appellant Celia Miskevitch contends that appellee 7-Eleven, Inc. terminated her employment because she reported an instance of sexual harassment involving a subordinate. In a single issue, Miskevitch argues that the trial court erroneously granted summary judgment in favor of 7-Eleven. In a cross-issue, 7-Eleven complains that the trial court erroneously denied its claim for attorney's fees for defending a frivolous action. We affirm the trial court's judgment.

### Background

Miskevitch was employed by 7-Eleven for approximately twenty-five years; she was a store manager for twenty-three of them. According to Miskevitch, the only time she was

disciplined during that tenure was in July 2013, when her supervisor, Jay Stegall, issued her a written warning containing areas in which her performance needed improvement.

In November of that year, a female sales associate named Danisha Flanders reported to Miskevitch that she had been sexually harassed by a male store manager. Miskevitch was Flanders's supervisor, and she forwarded Flanders's complaint to Stegall. Ten days later, a Human Resources representative conducted a meeting with Stegall, Miskevitch, and Flanders to question Flanders about her complaint. At that meeting, Miskevitch shook her head. (That conduct had been identified in her July written warning as an inappropriate response to criticism.) Miskevitch testified that she did so out of disgust at the details of the harassment Flanders had endured.

7-Eleven terminated Miskevitch's employment on January 10, 2014. She was given a page-long list of specific performance concerns, which, according to 7-Eleven, represented general deficiencies she had not cured since they were identified the previous July.

**Retaliation**

Miskevitch filed this suit under Texas Labor Code section 21.055, which provides that an employer, commits an unlawful employment practice if it retaliates or discriminates against a person who opposes a discriminatory practice. TEX. LABOR CODE ANN. § 21.055(a) (West 2015). She alleged that Stegall retaliated against her because she reported the allegation of sexual harassment against Flanders. To establish a prima facie case of retaliation, a plaintiff must show that (1) she engaged in a protected activity, (2) an adverse employment action occurred, and (3) there was a causal connection between participation in the protected activity and the adverse employment decision. *Johnson v. Alcon Labs., Inc.*, 2-03-011-CV, 2004 WL 456055, at *3 (Tex. App.—Fort Worth Mar. 11, 2004, no pet.) (mem. op.).

We consider the summary judgment evidence in the light most favorable to Miskevitch as the nonmovant. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). We credit evidence

favorable to her if reasonable jurors could, and we disregard evidence contrary to her unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review the summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

7-Eleven's motion for summary judgment conceded that her termination was an adverse employment action, but it asserted that she could not establish either that she engaged in a protected activity or that any such activity was the cause of her termination. Miskevitch pleaded that her conduct included two protected activities: forwarding Flanders's report of harassment and shaking her head during a meeting that was part of the harassment investigation.

7-Eleven's motion and its brief on appeal rely primarily on *Graves v. Komet*, 982 S.W.2d 551 (Tex. App.—San Antonio 1998, no pet.), which involved a sales and marketing director who forwarded a subordinate's complaint of "inappropriate behavior" and was subsequently terminated, allegedly for poor performance. 982 S.W.2d at 552–53. Graves sued her employer on a number of theories, including retaliatory discharge. The employer filed a motion for summary judgment, which the trial court granted on the retaliation claim; that claim was severed for appeal. *Id.* at 553. The San Antonio Court of Appeals rejected Graves's argument that by "lending support and aid" to her subordinate, she had engaged in a protected activity. The court concluded that while Graves may have been personally offended by the conduct at issue, her report was not the product of her own "indignance," but was a ministerial task required by her supervisory position. *Id.* at 555.

Miskevitch argues that *Graves*, decided by the San Antonio Court of Appeals, is not binding upon us and is factually distinguishable from her case. However, the legal principle that governs the result in *Graves* governs this case as well. The summary judgment evidence establishes that Miskevitch had a duty to forward Flanders's report of harassment because Miskevitch was her

supervisor. Thus, her action in reporting the misconduct was a ministerial function. *Id.* It was not taken in opposition to her employer; it was taken in support of the employer's policies. Thus, it cannot have been a protected activity within the meaning of the Labor Code.

Nor is Miskevitch's conduct of shaking her head at the meeting during the investigation somehow an act in opposition to 7-Eleven's conduct. In her opening appellate brief, appellant writes that "she shook her head when she heard Flanders tell the Human Resource Department what [the accused harasser] did to her." Her brief also explains that she "shook her head 'in disgust' at hearing Ms. Flanders explain the harassment because she was disturbed at how 'somebody could sexually attack somebody that way' and how she 'could not believe that somebody could do that to that young girl.'" Finally, she notes that, "when asked if she shook her head at anything else in the meeting, she testified 'no.'" All three statements indicate that the head shaking showed opposition to the harassment rather than 7-11's response to it. To state a retaliatory discharge claim, the plaintiff's opposition must be "to an *unlawful employment practice*." *Graves*, 982 S.W.2d at 556 (emphasis original). Miskevitch has not identified any conduct within 7-Eleven's investigation that was unlawful. The fact that she was disgusted by the sexual harassment is not opposition as the statute contemplates. Her claim is against 7-Eleven, not Flanders's accused harasser.

We conclude that neither Miskevitch's forwarding Flanders's complaint of harassment nor her shaking her head at the investigation meeting qualifies as protected activity under the Labor Code. Miskevitch has failed to establish that her conduct was "opposition" within the meaning of the statute. We overrule her single issue.

### Attorney's Fees

The Labor Code allows a prevailing party to recover reasonable attorney's fees as part of the costs of suit. TEX. LABOR CODE ANN. § 21.259(a) (West 2015). After prevailing on its summary

judgment motion, 7-Eleven sought an award of fees under this provision. It argued that Miskevitch's claim was groundless as a matter of law because she had no legal authority supporting her position that she had engaged in protected activity, and she had produced no probative summary judgment evidence indicating such activity had caused her termination. 7-Eleven stressed that it had indicated to Miskevitch throughout the litigation that her claim was groundless, but she had continued to litigate.

The trial court denied 7-Eleven's request for fees. We review that denial for an abuse of discretion. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012). 7-Eleven did prevail in this action. However—following our federal counterparts—Texas courts have awarded fees to a prevailing employer only when the plaintiff's claims were "frivolous, meritless, or unreasonable, or the plaintiff continued to litigate after it became clear that his claim was frivolous." *Elgaghil v. Tarrant County Junior Coll.*, 45 S.W.3d 133, 144–45 (Tex. App.—Fort Worth 2000, pet. denied) (citing *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421–22 (1978)). That said, we must avoid "post hoc reasoning" leading to the conclusion that because a plaintiff did not prevail, her suit was necessarily unreasonable or without foundation. *Christianburg*, 434 U.S. at 422. Instead, we employ this stringent standard to ensure that plaintiffs with arguably meritorious claims are not completely discouraged from initiating litigation by the threat of incurring onerous fee awards if their claims fail. *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2000).

Miskevitch did bring forward summary judgment evidence in an effort to raise a fact issue on causation. Although she lacked Texas authority for her position on protected activity, she attempted to distinguish 7-Eleven's cases and argued for an extension of federal law. The trial court became familiar with these parties over a substantial period of time and witnessed their

conduct throughout the litigation. We discern no abuse of discretion in the court's decision not to award attorney's fees in this case. We overrule 7-Eleven's cross-issue.

## Conclusion

We affirm the trial court's judgment.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

170099F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CELIA D. MISKEVITCH, Appellant

No. 05-17-00099-CV      V.

7-ELEVEN, INC., Appellee

On Appeal from the 298th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-15-00611.
Opinion delivered by Justice Boatright.
Justices Lang-Miers and Myers participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee 7-ELEVEN, INC. recover its costs of this appeal from appellant CELIA D. MISKEVITCH.


Judgment entered this 25th day of July, 2018.