

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-471-CV

CHARLES L. BAXTER AND                                                    APPELLANTS
SHARON G. MCPHERSON

V.

SHARONDA A. BROWN                                                          APPELLEE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In a single issue, Appellants Charles L. Baxter and Sharon G. McPherson appeal the trial court's order granting a no-evidence summary judgment for Appellee Sharonda A. Brown. We affirm.

---

[1] See Tex. R. App. P. 47.4.

## II. Factual and Procedural History

On October 2005, Brown struck Baxter and McPherson's son Evan with her vehicle as he crossed the street. Evan died from injuries sustained in the accident.

In September 2007, Baxter and McPherson filed suit against Brown for wrongful death—specifically claiming negligent operation of a motor vehicle. In June 2008, Brown filed a no-evidence motion for summary judgment asserting that there was no evidence of duty, breach, or causation to support Baxter and McPherson's negligence claim. In August 2008, Baxter and McPherson filed a response asserting that Brown's motion contained only allegations and no evidence. They also attached to their response McPherson's answer to a single interrogatory question as evidence to support their claim.

Brown objected to McPherson's interrogatory response. The trial court sustained Brown's objections and granted her no-evidence motion for summary judgment. This appeal followed.

## III. Discussion

In their sole issue, Baxter and McPherson argue that the trial court erred by granting Brown's motion for summary judgment because "[Brown's] bare Motion for Summary Judgment was filed without the benefit of deposition testimony, affidavits, exhibits, answers to interrogatories, or any other

supporting evidence."  In support of their argument, they direct our attention to *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985), in which the Texas Supreme Court sets out the standard of review in summary judgment cases.  Specifically, Baxter and McPherson state the standard of review as follows:

> 1.  The movant for summary judgment has the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law.
>
> 2.  In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant is true.
>
> 3.  Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

They further state that "[e]ach issue expressly presented by motion or response must then be proven.  To be entitled to summary judgment, the movant must conclusively prove all elements of his claim or defense."  Baxter and McPherson, however, misstate the law applicable to a no-evidence motion for summary judgment,[2] which did not exist at the time of the *Nixon* decision.  The

---

[2] The standard of review and burden of proof that Baxter and McPherson direct our attention to is applicable to traditional motions for summary judgment.  *See* Tex. R. Civ. P. 166a(b),(c).

3

correct no-evidence summary judgment standard of review and burden of proof are as follows.

After an adequate time for discovery, the party without the burden of proof may, *without presenting evidence*, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.; Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). If the *nonmovant brings forward more than a scintilla of probative evidence* that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). We review a no-evidence summary judgment for evidence that would enable reasonable and

4

fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)).

Here, Brown filed a no-evidence motion for summary judgment and therefore was not the party with the burden of proof or production. *See* Tex. R. Civ. P. 166a(i). A no-evidence summary judgment shifts the burden of production to the nonmovants—here, Baxter and McPherson. *See Moore*, 981 S.W.2d at 269. Baxter and McPherson, therefore, had to produce evidence sufficient to raise a genuine issue of material fact as to duty, breach, and causation. Their response, however, does not specifically address each element challenged by Brown in her no-evidence motion as required by rule 166a(i). *See* Tex. R. Civ. P. 166a(i).

The only evidence put forth by Baxter and McPherson was McPherson's answer to a single interrogatory question.[3] However, answers to interrogatories may be used only against the responding party. *See* Tex. R. Civ. P. 197.3. McPherson may not use her own interrogatory response as evidence to support

---

[3] Although Baxter and McPherson do not expressly challenge the trial court's rulings on Brown's objections, they impliedly do so in their argument that Brown failed to produce evidence in support of her motion for summary judgment.

5

her claim.[4]  *See id.*; *Yates v. Fisher*, 988 S.W.2d 730, 731 (Tex. 1998);

*Belteton v. Desco Steel Erectors & Concrete, Inc.*, 222 S.W.3d 600, 609 (Tex.

App.—Houston [14th Dist.] 2007, no pet.).  Because Baxter and McPherson

failed to raise a fact issue by producing more than a scintilla of probative

evidence on each element of their negligence claim, we hold that the trial court

properly granted Brown's no-evidence motion for summary judgment.  *See*

*Moore*, 981 S.W.2d at 269.  Accordingly, we overrule Baxter and McPherson's

sole issue.

## IV.  Conclusion

Having overruled Baxter and McPherson's sole issue, we affirm the trial

court's judgment.


PER CURIAM

PANEL:  MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED:  June 18, 2009

---

[4] Furthermore, even if Baxter and McPherson could use McPherson's interrogatory response, they failed to specify which element, if any, the response supported. *See Estate of Bradburn v. Sawko*, No. 02-02-00192-CV, 2003 WL 21359514, at *3 (Tex. App.—Fort Worth June 12, 2003, no pet.) (mem. op.) (indicating nonmovant has burden to explain how the evidence raises a material fact issue for the challenged elements).

6