COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-471-CV

 

 

CHARLES L. BAXTER AND                                                  APPELLANTS

SHARON G. MCPHERSON

 

                                                   V.

 

SHARONDA A. BROWN                                                           APPELLEE

 

                                              ------------

 

            FROM THE 158TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  Introduction

In a single issue, Appellants Charles L. Baxter
and Sharon G. McPherson appeal the trial court=s order
granting a no-evidence summary judgment for Appellee Sharonda A. Brown.  We affirm.








                              II.  Factual and Procedural History

On October 2005, Brown struck Baxter and
McPherson=s son Evan with her vehicle as
he crossed the street.  Evan died from
injuries sustained in the accident.

In September 2007, Baxter and McPherson filed
suit against Brown for wrongful deathCspecifically
claiming negligent operation of a motor vehicle.  In June 2008, Brown filed a no-evidence
motion for summary judgment asserting that there was no evidence of duty,
breach, or causation to support Baxter and McPherson=s
negligence claim.  In August 2008, Baxter
and McPherson filed a response asserting that Brown=s motion
contained only allegations and no evidence. 
They also attached to their response McPherson=s answer
to a single interrogatory question as evidence to support their claim.

Brown objected to McPherson=s
interrogatory response.  The trial court
sustained Brown=s objections and granted her
no-evidence motion for summary judgment. 
This appeal followed.

                                          III.  Discussion








In their sole issue, Baxter and McPherson argue
that the trial court erred by granting Brown=s motion
for summary judgment because A[Brown=s] bare
Motion for Summary Judgment was filed without the benefit of deposition
testimony, affidavits, exhibits, answers to interrogatories, or any other
supporting evidence.@ 
In support of their argument, they direct our attention to Nixon v.
Mr. Property Management Co., 690 S.W.2d 546, 548B49 (Tex.
1985), in which the Texas Supreme Court sets out the standard of review in
summary judgment cases.  Specifically,
Baxter and McPherson state the standard of review as follows:

1.  The movant for summary judgment has the
burden of showing that there is no genuine issue of material fact, and that it
is entitled to judgment as a matter of law.

 

2.  In deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the
non-movant is true.

 

3.  Every
reasonable inference must be indulged in favor of the non-movant and any doubts
resolved in its favor. 








They further state that A[e]ach
issue expressly presented by motion or response must then be proven.  To be entitled to summary judgment, the
movant must conclusively prove all elements of his claim or defense.@  Baxter and McPherson, however, misstate the
law applicable to a no-evidence motion for summary judgment,[2]
which did not exist at the time of the Nixon decision.  The correct no-evidence summary judgment
standard of review and burden of proof are as follows.

After an adequate time for discovery, the party
without the burden of proof may, without presenting evidence, move for
summary judgment on the ground that there is no evidence to support an
essential element of the nonmovant=s claim
or defense.  Tex. R. Civ. P.
166a(i).  The motion must specifically
state the elements for which there is no evidence.  Id.; Johnson v. Brewer & Pritchard,
P.C., 73 S.W.3d 193, 207 (Tex. 2002). 
The trial court must grant the motion unless the nonmovant produces
summary judgment evidence that raises a genuine issue of material fact.  See Tex. R. Civ. P. 166a(i) &
cmt.; Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).








When reviewing a no-evidence summary judgment, we
examine the entire record in the light most favorable to the nonmovant,
indulging every reasonable inference and resolving any doubts against the motion.  Sudan v. Sudan, 199 S.W.3d 291, 292
(Tex. 2006).  If the nonmovant brings
forward more than a scintilla of probative evidence that raises a genuine
issue of material fact, then a no-evidence summary judgment is not proper.  Moore v. K Mart Corp., 981 S.W.2d 266,
269 (Tex. App.CSan Antonio 1998, pet.
denied).  We review a no‑evidence
summary judgment for evidence that would enable reasonable and fair‑minded
jurors to differ in their conclusions.  Hamilton
v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008) (citing City of Keller v.
Wilson, 168 S.W.3d 802, 822 (Tex. 2005)).

Here, Brown filed a no-evidence motion for
summary judgment and therefore was not the party with the burden of proof or
production.  See Tex. R. Civ. P.
166a(i).  A no-evidence summary judgment
shifts the burden of production to the nonmovantsChere,
Baxter and McPherson.  See Moore,
981 S.W.2d at 269.  Baxter and McPherson,
therefore, had to produce evidence sufficient to raise a genuine issue of
material fact as to duty, breach, and causation.  Their response, however, does not
specifically address each element challenged by Brown in her no-evidence motion
as required by rule 166a(i).  See
Tex. R. Civ. P. 166a(i).








The only evidence put forth by Baxter and
McPherson was McPherson=s answer to a single
interrogatory question.[3]  However, answers to interrogatories may be
used only against the responding party.  See
Tex. R. Civ. P. 197.3.  McPherson may not
use her own interrogatory response as evidence to support her claim.[4]  See id.; Yates v. Fisher, 988
S.W.2d 730, 731 (Tex. 1998); Belteton v. Desco Steel Erectors &
Concrete, Inc., 222 S.W.3d 600, 609 (Tex. App.CHouston
[14th Dist.] 2007, no pet.).  Because
Baxter and McPherson failed to raise a fact issue by producing more than a
scintilla of probative evidence on each element of their negligence claim, we
hold that the trial court properly granted Brown=s
no-evidence motion for summary judgment. 
See Moore, 981 S.W.2d at 269. 
Accordingly, we overrule Baxter and McPherson=s sole
issue.

                                          IV.  Conclusion

Having overruled Baxter and McPherson=s sole
issue, we affirm the trial court=s
judgment.

 

PER
CURIAM

 

PANEL:  MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DELIVERED:  June 18, 2009











[1]See Tex. R. App. P. 47.4.





[2]The standard of review
and burden of proof that Baxter and McPherson direct our attention to is
applicable to traditional motions for summary judgment.  See Tex. R. Civ. P. 166a(b),(c).





[3]Although Baxter and
McPherson do not expressly challenge the trial court=s rulings on Brown=s objections, they
impliedly do so in their argument that Brown failed to produce evidence in
support of her motion for summary judgment.





[4]Furthermore, even if
Baxter and McPherson could use McPherson=s interrogatory response, they failed to specify
which element, if any, the response supported.  See Estate of Bradburn v. Sawko,
No. 02-02-00192-CV, 2003 WL 21359514, at *3 (Tex. App.CFort Worth June 12, 2003,
no pet.) (mem. op.) (indicating nonmovant has burden to explain how the
evidence raises a material fact issue for the challenged elements).