COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| WILMA MARIE WILSON, | § | No. 08-23-00221-CV |
| Appellant, | § | Appeal from the |
| v. | § | 120th Judicial District Court |
| AUDREY JO BIFFLE, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2021DCV3005) |

## MEMORANDUM OPINION

Appellant Wilma Wilson is appealing the trial court's grant of no-evidence summary judgment in favor of Appellee, Audrey Jo Biffle. Wilson filed a negligence suit against Biffle seeking damages for personal injuries. Because Wilson produced more than a scintilla of evidence establishing a genuine issue of material fact existed on causation and pain and suffering, but did not similarly do so for medical expenses or mental anguish damages, we will affirm in part and reverse and remand in part.

## BACKGROUND

On August 28, 2019, Wilson and Biffle, who are mother and daughter, rode together in a vehicle driven by Biffle. Wilson was over the age of 90.[1] At an intersection, Biffle collided with

---

[1] Wilson's birthday is listed in her answers to interrogatories.

another vehicle. In August 2021, Wilson sued Biffle alleging claims of negligence and negligence per se arising out of the collision. Wilson's petition alleged that Biffle ran a red light and struck another vehicle, resulting in a collision of great force and violence. The collision, she contended, caused her "to be forcibly thrown with violence about the inside of the automobile . . . resulting in painful and permanent [] bodily injuries to her and headaches." Lastly, she claimed there was reasonable probability that she would continue to suffer pain, mental anguish, and headaches.

Biffle timely answered by entering a general denial and naming various defenses. Biffle later served Wilson with requests for discovery and the case was set for trial. On March 14, 2023, Biffle filed a no-evidence motion for summary judgment asserting that, despite an adequate amount of time, Wilson had failed to produce discovery in support of her claims. As grounds for no-evidence summary judgment, Biffle alleged the following:

1. There is no evidence that [Biffle] committed any negligent acts or omissions in connection with the subject accident.

2. There is no evidence that [Biffle] committed any act or omission resulting in bodily injury to [Wilson].

3. There is no evidence that [Wilson] has required any medical care in the past as a result of the subject accident, or as a result of any of [Biffle's] acts or omissions.

4. There is no evidence that [Wilson] will require any medical care in the future as a result of the subject accident, or as a result of any of [Biffle's] acts or omissions.

5. There is no evidence that [Wilson] has incurred reasonable and/or necessary expenses for any medical care in the past as a result of the subject accident, or as a result of any of [Biffle's] acts or omissions.

6. There is no evidence that [Wilson] will incur reasonable and/or necessary expenses for any medical care in the future as a result of the subject accident, or as a result of any of [Biffle's] acts or omissions.

7. There is no evidence that [Wilson] has suffered pain and suffering in the past as a result of the subject accident, or as a result of any of [Biffle's] acts or omissions.

2

8.  There is no evidence that [Wilson] has suffered pain and suffering in the future as a result of the subject accident, or as a result of any of [Biffle's] acts or omissions.

9.  There is no evidence that [Wilson] has suffered mental anguish in the past as a result of the subject accident, or as a result of any of [Biffle's] acts or omissions.

10. There is no evidence that [Wilson] has suffered mental anguish in the future as a result of the subject accident, or as a result of any of [Biffle's] acts or omissions.

On April 4, 2023, Wilson filed her response to Biffle's motion for summary judgment, attaching her own affidavit, signed as an unsworn declaration, her answers to interrogatories, and a copy of the Texas Peace Officer's Crash Report.[2]  In her affidavit, Wilson attested that Biffle ran a red light and struck another vehicle. She stated the collision was of "great force and violence" and she required medical care. Specifically, Wilson described her injuries as bruises to her whole right side, her face, around her eyes, her hand, and she had a cut on her hand. Also, Wilson attested she had four pulmonary embolisms and an injured knee. She stated her injuries caused her mental distress and that she was worried about her recovery and the medical expenses incurred. Wilson described that immediately following the accident, she was taken to Del Sol Medical Center, where she stayed for two weeks, and then she was transferred to a nursing home. At the nursing home, she contracted pneumonia and went back to Del Sol Medical Center for 6 days. She was transferred to a Long-Term Acute Care Hospital for two weeks and then to Highlands Rehabilitation Hospital. After her discharge from Highlands, she received home health care once every 6 weeks for two months. She also saw her regular family doctor.

---

[2] Biffle objected to Wilson's summary judgment evidence on the basis the evidence was conclusory, that it did not meet the requirements of Rule 166a(c) of the Texas Rules of Civil Procedure, and that it contained hearsay. Our record contains no ruling by the trial court on Biffle's objections, and Biffle does not complain on appeal of the court's failure to rule. Accordingly, we will consider Wilson's affidavit and the other summary judgment evidence in deciding this case. *See* Tex. R. App. P. 33.1.

Additionally, in her answers to interrogatories, Wilson described that she paid medical bills in the range of $1,500. Wilson stated she was in good health prior to the accident. Before the accident, she had COPD, asthma, macular degeneration, and two knee surgeries on each knee. She claimed that, because of her injuries, her usual living activities were impaired for two years. She noted that sitting up straight was difficult and her muscles were weak.

On April 10, 2023, Biffle filed objections with her reply to Wilson's response to her motion for no-evidence summary judgment. She objected to Wilson's affidavit, her answer to interrogatories, and to the accident crash report, contending these items were not competent as summary judgment proof. In her reply, she argued that Wilson improperly relied solely on lay opinion to substantiate her claims.

By written order, the trial court granted Biffle's no-evidence summary judgment motion, and further ordered that Wilson take nothing by her claims and causes of action against Biffle. Wilson appealed.

## STANDARD OF REVIEW

Under Rule 166a(i), after an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that no evidence supports an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which no evidence exists. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The nonmoving party must then present evidence that raises a genuine issue of material fact as to each element specified in the summary judgment motion. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

We review de novo a no-evidence summary judgment. *See Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017). Accordingly, we "examine the entire record in the light

4

most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (citing *City of Keller*, 168 S.W.3d at 822). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310. If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

## DISCUSSION

In her sole issue on appeal, Wilson contends the trial court erred in granting summary judgment. In briefing, she urges her response to Biffle's no-evidence motion for summary judgment established genuine issues of material fact as to (1) Biffle's negligence in the operation of her automobile; and (2) Wilson's resulting injuries caused by the collision.[3] We consider each ground in turn.

### A. Negligence

To prevail on a negligence cause of action, Wilson must establish the existence of a duty, a breach of that duty, and damages proximately caused by the breach. *See W. Invs. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005); *IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004).

---

[3] Biffle does not challenge that Wilson's summary judgment evidence raised a genuine fact issue on the duty and breach elements of Wilson's negligence claim. Similarly, our review of the record shows there is a genuine issue of material fact on these elements.

5

The Supreme Court of Texas has held that, to prove causation, a plaintiff must present competent evidence that proves that a condition exists and that the condition is causally related to the event sued upon. *Guevara v. Ferrer*, 247 S.W.3d 662, 667 (Tex. 2007). Expert testimony is necessary to establish causation for medical conditions outside jurors' common knowledge and experience. *Id.* at 665. But the Court has also explained that a finding of causation without expert evidence can be sufficiently supported by the "existence and nature of certain basic conditions, proof of a logical sequence of events, and temporal proximity between an occurrence and the conditions[.]" *Id.* at 667. Nonexpert evidence alone is "sufficient to support a finding of causation in limited circumstances where both the occurrence and conditions complained of are such that the general experience and common sense of laypersons are sufficient to evaluate the conditions and whether they were probably caused by the occurrence." *Id.* at 668. "[L]ay testimony establishing a sequence of events [that] provides a strong, logically traceable connection between the event and the condition is sufficient proof of causation." *Id.* at 666 (quoting *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984)).

Notably, Texas courts have held that lay testimony is sufficient to create a genuine fact issue on causation in certain instances. *See id.* at 669 ("Non-expert evidence of circumstances surrounding the accident and [plaintiff]'s complaints is sufficient to allow a layperson of common knowledge and experience to determine that [plaintiff]'s immediate post-accident condition which resulted in his being transported to an emergency room and examined in the emergency room were [sic] causally related to the accident."); *Kelley & Witherspoon, LLP v. Hooper*, 401 S.W.3d 841, 849–50 (Tex. App.—Dallas 2013, no pet.) (concluding that the jury could causally connect car accident to plaintiffs' immediate head and neck pain and medical treatment for that pain without expert testimony); *Devoti v. Delaney*, No. 14-11-00497-CV, 2012 WL 3677050, at *4 (Tex. App.—Houston [14th Dist.] Aug. 28, 2012, no pet.) (mem. op.) (concluding that plaintiff's

6

testimony showed "a logical sequence of events and temporal proximity from which a factfinder properly could infer, without the aid of expert testimony, that the [car] accident caused" the plaintiff's back and leg pain).

Thus, lay testimony can support a finding of causation between an "automobile accident and basic physical conditions which (1) are within the common knowledge and experience of laypersons, (2) did not exist before the accident, (3) appeared after and close in time to the accident, and (4) are within the common knowledge and experience of laypersons, caused by automobile accidents." *Guevara*, 247 S.W.3d at 667. Moreover, there is no specific requirement that injuries or pain be obvious or immediately manifested at the time of the accident to otherwise rely on lay testimony as courts recognize it can be within the common knowledge and experience of laypersons that delayed pain or injury was caused by a car accident. *Devoti*, 2012 WL 3677050, at *3.

Here, Wilson's lawsuit alleged Biffle's negligence caused the collision that resulted in her suffering bodily injury after she was "forcibly thrown with violence" inside the vehicle. Her summary judgment evidence included her affidavit describing the sequence of events and a variety of conditions including bruises and cuts, an injured knee, weakness in her muscles, and pulmonary embolisms. Wilson averred she was riding as a passenger in an automobile driven by her daughter, Biffle. Suddenly, Biffle passed through a traffic signal emitting a red light in her direction of travel. As a result, Biffle struck another automobile driven by a third party. She detailed that Biffle failed to keep a proper lookout, failed to timely and properly apply brakes, failed to stop her automobile in compliance with a traffic control device, and failed to yield the right of way to another vehicle that had the right of way. Wilson further described that the resulting collision was of great force and violence causing her to suffer personal injuries and mental anguish which required medical care. She suffered bruises on her face, around her eye, injured her hand, and her whole right side

7

was bruised. She immediately sought medical care after the accident and was taken by ambulance from the scene to a hospital. From there, she described a series of lengthy hospital and rehabilitation stays for the next few months.

At the summary judgment stage, Wilson does not bear the burden to "prove" causation. She need only point to evidence that creates a genuine issue of material fact. *See Perez v. Johnson*, No. 02-19-00082-CV, 2020 WL 5552139, at *3 (Tex. App.—Fort Worth Sept. 17, 2020, no pet.) (mem. op.); *Devoti*, 2012 WL 3677050, at *3. Here, we conclude that Wilson sufficiently showed a logical sequence of events from which the fact-finder could infer that the accident caused her to suffer bodily pain—bruises, cuts, knee pain, and weak muscles.

After reviewing the summary judgment evidence, we conclude that Wilson presented evidence sufficient to raise a genuine issue of material fact on whether her injuries were proximately caused by Biffle's negligence. *See Perez*, 2020 WL 5552139, at *4 (concluding plaintiff's lay witness testimony evidence sufficiently showed a logical sequence of events from which a fact-finder could infer the accident caused plaintiff's neck, elbow, and back pain and such was sufficient to overcome a no evidence motion); *Devoti*, 2012 WL 3677050, at *4–5 (concluding that the back and leg pain plaintiff suffered very shortly after the accident can be "within the experience and knowledge of laypersons as being caused by car accidents" and expert testimony was not needed to raise a genuine issue of material fact on the element of causation).

## B. Damages

### (1) Pain and suffering

"The presence or absence of physical pain is an 'inherently subjective question.'" *Devoti*, 2012 WL 3677050, at *5 (quoting *Enright v. Goodman Distrib., Inc.*, 330 S.W.3d 392, 397 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). As the nonmovant, Wilson need only present some evidence that her pain and suffering was proximately caused by the collision. A plaintiff's

8

lay testimony that she suffered and continues to suffer from bodily pain after a collision and did not suffer from the pain before the accident, is legally sufficient to create a genuine issue of material fact on pain and suffering. *See Perez*, 2020 WL 5552139, at *4; *Devoti*, 2012 WL 3677050, at *4–5.

Wilson presented evidence that she rode as a passenger in Biffle's vehicle until a collision of "great force and violence," caused her to suffer personal injuries. She further showed that she felt pain after the accident. Wilson also showed that she still had "weak" muscles and had difficulty sitting up straight. From this affidavit testimony, we conclude the evidence is legally sufficient to raise a genuine issue of material fact regarding physical pain and suffering.

### (2) Medical expenses

To prove medical expenses, plaintiffs must present evidence of expenses that are related to medical treatment of injuries caused by the defendant. *JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 162 (Tex. 2015). Of note, billing records related to medical treatment, standing alone and without more, are insufficient to establish the necessary causal connection. *See Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 500 (Tex. 1995) (holding that the opinions in the medical records did not indicate they were independent conclusions); *Smith v. Sw. Bell Tel. Co.*, 101 S.W.3d 698, 702 (Tex. App.—Fort Worth 2003, no pet.) (noting that medical billing records alone do not establish causation).

Here, the only responsive evidence regarding Wilson's medical expenses is her answer to an interrogatory wherein she states she has paid medical bills "in the range of $1,500." There are no itemized medical bills for this charge, no explanation of the necessity or purpose of the service, and no explanation of reasonableness.[4]

---

[4] Although Wilson did not attach any medical bills to her response to Biffle's no-evidence summary judgment motion, we note here that she produced a number of medical bills directly to Biffle prior to the trial setting. Biffle then filed a

9

Here, expert testimony was necessary to establish causation between the accident and the injuries resulting in medical expenses. Moreover, a party cannot rely on its own interrogatory answers to raise a fact issue. *See* Tex. R. Civ. P. 197.3 (stating that interrogatory answers may be used only against the responding party); *Yates v. Fisher*, 988 S.W.2d 730, 731 (Tex. 1998). Accordingly, as to her claim for medical expenses, Wilson failed to present more than a scintilla of evidence establishing a factual issue. Thus, the trial court did not err by granting summary judgment against Wilson regarding damages for medical expenses.

### (3) Mental anguish

Texas authorizes mental anguish damages in the following types of cases: "(1) as the foreseeable result of breach of duty arising out of certain special relationships, such as the relationship between a physician and a patient; (2) for some common law torts that generally involve intentional or malicious conduct such as libel . . . and (3) in virtually all personal injury cases where the defendant's conduct causes serious bodily injury." *Verinakis v. Med. Profiles, Inc.*, 987 S.W.2d 90, 95 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). "Even when an occurrence is of the type for which mental anguish damages are recoverable," an award of mental anguish damages must be supported by "direct evidence that the nature, duration, and severity of mental anguish was sufficient to cause, and caused, either a substantial disruption in the plaintiff's daily routine or a high degree of mental pain and distress." *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 231 (Tex. 2011). Mental anguish requires a showing that a plaintiff suffered a "high degree of mental pain . . . [meaning] more than mere worry, anxiety, vexation, embarrassment, or anger."

---

motion to exclude the medical bills from evidence at trial. Biffle alleged the medical bills were produced outside the discovery period, they did not show the amount actually paid or incurred, and they were not supported by an affidavit. On the same day the trial court granted Biffle's no evidence summary judgment motion, the trial court also granted Biffle's motion to exclude medical expenses.

*Saenz v. Fid. & Guar. Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996) (quoting *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995)).

Here, Wilson did not produce evidence that she suffered from a "high degree of mental pain and distress" arising to "more than mere worry, anxiety, vexation, embarrassment, or anger." *Id.* In Wilson's affidavit, she testified that her injuries "caused a great deal of mental distress and anguish as [she] was worried about recovering from [her] injuries." Given that Wilson failed to detail the nature, duration, and severity of the mental anguish claimed, we cannot conclude the evidence presented would enable reasonable and fair-minded jurors to differ in their conclusions. *See Hamilton*, 249 S.W.3d at 426. Absent the required level of detail, Wilson failed to raise a genuine issue of material fact of a "substantial disruption" in her "daily routine," or high degree of mental distress, resulting from the motor-vehicle collision. *Guerra*, 348 S.W.3d at 231. Although Wilson described that she worried about recovering from her injuries, her testimony lacked any evidence of emotion rising to a "high degree of mental pain and distress." *Saenz*, 925 S.W.2d at 614. Accordingly, as to her claim for mental distress damages, Wilson failed to present more than a scintilla of evidence establishing a factual issue. Thus, the trial court did not err in granting a no-evidence summary judgment with regard to damages for mental anguish.

## CONCLUSION

We conclude that Wilson produced more than a scintilla of evidence of causation, bodily injury, and pain and suffering. However, Wilson failed to produce more than a scintilla of evidence of her medical expenses and compensable mental anguish damages. We reverse the trial court's grant of no-evidence summary judgment on Wilson's negligence claims with respect to causation, bodily injury, and pain and suffering, and remand this case to the trial court for further proceedings consistent with this opinion. In all other respects, we affirm the no-evidence summary judgment.

11

GINA M. PALAFOX, Justice

April 4, 2024

Before Alley, C.J., Palafox and Soto, JJ.
Alley, C.J. concurring